**STATE**

v.

**Thomas CAPUANO.**

No. 92–620–C.A.

Supreme Court of Rhode Island.

April 8, 1993.

ORDER

This case came before the court for oral argument March 30, 1993 pursuant to an order which had directed the defendant to appear and show cause why the issues raised in this appeal should not be summarily decided.

After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown. A justice of the Superior Court had found the defendant to be a violator of a suspended sentence. This finding was based in part upon the admission of a palm print which had been found on a box in the home of the victim of a burglary.

We are of the opinion that this evidence was admissible in a probation violation proceeding. Questions on cross-examination were appropriately ascribed to the weight rather than the admissibility of the evidence. The quantum of evidence presented was sufficient to meet a requirement for a finding of probationary violation.

Consequently, the defendant's appeal is denied and dismissed. The adjudication of violation is affirmed.

**STATE**

v.

**Barry E. DOWELL.**

No. 92–359–C.A.

Supreme Court of Rhode Island.

April 8, 1993.

ORDER

This case came before the court for oral argument March 30, 1993 pursuant to an order which had directed both parties to appear and show cause why the issues raised by this appeal should not be summarily decided.

Barry E. Dowell, the applicant, had sought post-conviction relief on the ground that the Director of the Department of Corrections had improperly declined to transfer the applicant from medium security confinement to minimum security confinement. The applicant had been convicted on August 3, 1984 of first-degree sexual assault and burglary. He had been sentenced to a term of 40 years of imprisonment with 25 years to serve and the remainder suspended. The applicant had appeared before the Classification Board on four occasions, and in each instance the Board had recommended assignment to minimum security. The Director had rejected these recommendations and declined to transfer the applicant to the minimum security facility.

After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that the applicant was not denied due process and that the Director of Corrections did not abuse his discretion in declining to transfer the applicant from medium to minimum security.

For purposes of this appeal we are assuming, without deciding, that the applicant is properly before this court pursuant to his application for post-conviction relief.

For the reasons indicated, the applicant's appeal is hereby denied and dismissed. The judgment entered in the Superior Court is affirmed.