STATE

v.

Edwin RIVERA.

No. 93–69–C.A.

Supreme Court of Rhode Island.

April 15, 1994.

Jeffrey Pine, Atty. Gen., Jane McSoley, Asst. Atty. Gen., Aaron Weisman, Chief, Appellate Div., for plaintiff.

Richard Casparian, Public Defender, Paula Rosin, Paula Lynch Hardiman, Asst. Public Defenders, for defendant.

## OPINION

SHEA, Justice.

This matter is before the Supreme Court on the defendant's appeal from his conviction of murder in the first degree, for which he received the mandatory sentence of life imprisonment. We affirm.

The defendant, Edwin Rivera, was charged by criminal indictment No. P1/91–2942A on one count of first-degree murder. He was convicted after a jury trial and moved for a new trial. The motion for new trial was denied, and defendant then filed this appeal.

The defendant first asserts that the trial court erroneously admitted an unduly inflammatory photograph of the victim. He also argues that the trial court erred by failing to pass the case after a police officer testified about a statement made by defendant at the time of his arrest. The statement was not disclosed to defendant pursuant to Rule 16 of the Superior Court Rules of Criminal Procedure.

At trial the state's expert in forensic pathology testified that he had performed the autopsy of the victim. He found that the cause of death was a single stab wound that had penetrated the heart. His examination of the victim's body also revealed a neatly sutured seven-inch thoracotomy incision, evidence of resuscitative measures taken by emergency medical personnel. During the medical examiner's testimony, two color Polaroid photographs taken during the external examination of the victim were admitted as full exhibits without objection by defendant. The photographs revealed the stab wound to the left upper chest and a defense wound on the right hand. The state also moved to admit an eight-by-ten-inch, black-and-white glossy photograph of the victim's upper body depicting both the thoracotomy incision and the stab wound. The defendant objected, arguing that the photograph was cumulative, lacked probative value and was unduly inflammatory. The trial court overruled the objection and admitted the photograph.[1]

Another witness for the state, Officer James Mendonca (Mendonca) of the Central Falls police department, testified that on March 31, 1991, he and two other officers were summoned to 107 Sylvian Street, Central Falls, Rhode Island. Upon their arrival they saw a man, later identified as the victim, lying in the driveway and bleeding profusely. After calling for medical rescue, the officers proceeded to 91 Sylvian Street. They were let into the apartment and found defendant sitting in the kitchen. Mendonca testified that as the officers entered the kitchen, defendant rose and said something to the effect of "I didn't do it, you can't prove I did it, I've been here all day."

The defendant objected to the officer's testimony, arguing that the latter part of the statement had not been disclosed by the state as required by Rule 16 and that the statement undermined defendant's intoxication defense.[2] The state conceded that it had not disclosed the statement, but claimed

---

**1.** The trial court refused to admit two additional photographs offered by the state. The first showed the victim's excised heart with a knife, thought to be the murder weapon, lying against a ruler in front of it. The second showed the knife penetrating the heart.

**2.** Rule 16(a)(1) of the Superior Court Rules of Criminal Procedure states:

"Upon written request by a defendant, the attorney for the State shall permit the defendant to inspect or listen to and copy or photograph any of the following items within the possession, custody, or control of the State, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the State: (1) all relevant written or recorded statements or confessions, signed or unsigned, or written summaries of oral statements or confessions made by the defendant, or copies thereof."

that its nondisclosure was inadvertent. The trial court heard both parties, concluded that there had been an inadvertent nondisclosure by the state in violation of Rule 16, and asked defendant what relief he desired. The defendant moved to strike the testimony and requested a curative instruction to the jury. The trial court complied. At no time did defendant move to pass the case.

On appeal defendant argues that the trial court erred by admitting the black-and-white, enlarged photograph. The source of defendant's objection was the seven-inch thoracotomy incision the photograph portrayed. The defendant contends that the photograph was irrelevant, cumulative, and unduly inflammatory because a color photograph showing the victim's stab wound had already been admitted and the thoracotomy incision had not been inflicted by defendant.

The state claims that the photograph, introduced during the testimony of the medical examiner who had conducted the autopsy of the victim, was relevant because it showed the stab wound, the condition of the body at the time of the autopsy and it would aid the jury in understanding the expert's testimony. The state further argues that the trial court clearly explained to the jury that the thoracotomy had not been caused by defendant stabbing the victim.

■ It is within the trial court's discretion to determine the materiality or relevance of photographs. *State v. Correia*, 600 A.2d 279, 284 (R.I.1991). A photograph is relevant if it has a tendency to "prove or disprove some material fact in issue." *Id.* at 285 (citing *State v. Barnville*, 445 A.2d 298, 301 (R.I.1982)); *see also* Rule 401 of the Rhode Island Rules of Evidence. Photographs of a murder victim that are faithful representations of the victim at the time in issue are admissible in the trial court's discretion

"as an aid to the jury in arriving at a proper understanding of the evidence as proof of the *corpus delecti*, the extent of the injury, the condition and identification of the body * * * even though such photographs may tend to have an influence beyond the strict limits of the purpose for which they were introduced." *State v. Ryan*, 113 R.I. 343, 350, 321 A.2d 92, 96

(1974) (citing *State v. Winston*, 105 R.I. 447, 252 A.2d 354 (1969)). Only when offered for no material reason and for the "sole purpose of arousing the passions of the jury" should a photograph of a murder victim be excluded. *State v. Bowden*, 113 R.I. 649, 658, 324 A.2d 631, 637 (1974).

■ The trial court did not abuse its discretion in admitting the photograph of the victim that showed the thoracotomy incision. The photograph was relevant as to the victim's stab wound, the condition of his body, and because it aided the jury's understanding of the medical examiner's testimony. It was not offered solely to inflame the passions of the jury. Additionally, the trial justice explained to the jury that the thoracotomy incision had not been inflicted by defendant.

■ The defendant next argues that the trial court erred by not passing the case after Officer Mendonca offered testimony that had not been disclosed by the state. The defendant concedes that his trial counsel did not move for a mistrial after the officer's testimony. He argues, however, that it would have been futile to move to pass the case because the trial court indicated that it would grant a motion to strike the testimony or allow defendant to cross-examine the officer. Therefore, defendant asserts, his failure to move for a mistrial should not constitute a waiver of this issue on appeal.

The state concedes that it inadvertently failed to disclose the statement as required by Rule 16. However, it argues that the trial court specifically inquired about the relief defendant sought, and his failure to move for a mistrial at that time precludes him from arguing the issue on appeal. Additionally, the state contends that any prejudice from the officer's testimony was minimal and was cured by the court's instruction.

After hearing the parties, the trial court concluded that the state inadvertently had violated Rule 16, and asked defendant:

"What relief do you desire?"

Counsel for defendant responded:

"I would move to strike the testimony with a cautionary instruction."

No other relief was sought by defendant.

■ It is well established that "this court will not consider an issue raised for the first

time on appeal that was not properly presented before the trial court." *Bouchard v. Clark,* 581 A.2d 715, 716 (R.I.1990). Because the defendant made no request for a mistrial below, he is precluded from arguing on appeal that the trial court erred by not granting one. *Barnes v. Quality Beef Co.,* 425 A.2d 531, 535 (R.I.1981).

For all these reasons the defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.