James J. HUGHES III

v.

STATE.

No. 94–481–CA.

Supreme Court of Rhode Island.

April 10, 1995.

Dominic St. Angelo, Barbara Hurst, Asst. Public Defender, Providence, for plaintiff.

Jeffrey Pine, Atty. Gen., Jodi M. Gladstone, Sp. Asst. Atty. Gen., Aaron Weisman, Asst. Atty. Gen., for defendant.

## OPINION

PER CURIAM.

This case came before the Supreme Court on March 14, 1995, pursuant to an order directing both parties to appear and show cause why this appeal should not be summarily decided. James J. Hughes III (applicant or Hughes) has appealed the denial of his application for postconviction relief following his conviction of felony murder for which he was sentenced to life imprisonment.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown, and the appeal will be decided at this time.

The applicant contends that his appellate counsel's assistance was ineffective because

she failed to raise certain issues on appeal. The standard for reviewing a claim of ineffective assistance of counsel is set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland,* a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Brown v. Moran,* 534 A.2d 180, 182 (R.I.1987) (quoting *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693). To meet this burden, a defendant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and sound trial strategy. *Id.* (quoting *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694–95). Last, a defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id.* (quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698).

■■■ The applicant first argued that his appellate counsel, a public defender, failed to brief and argue on appeal the trial justice's admission of certain "gruesome" photographs of the victim. At the postconviction hearing, counsel gave undisputed testimony that Hughes agreed with her strategy of not including on appeal the weak issue of the admissibility of the photographs. Even if the issue had been raised, Hughes has failed to prove that he would have succeeded on appeal. Although the photographs were graphic, they were probative of the cause of the victim's death and the severity of the beating. *See State v. Correia,* 600 A.2d 279, 285 (R.I.1991). This court has consistently held that, when such evidence is probative, the trial court's admission of explicit photographs is not an abuse of discretion and will not be disturbed on appeal. *See State v. Rivera,* 640 A.2d 524, 526 (R.I.1994); *State v. Lionberg,* 533 A.2d 1172, 1180 (R.I.1987). The applicant has failed to establish that appellate counsel's performance was either deficient or prejudicial with respect to the issue of the admissibility of the photographs.

■■ The applicant next contended that appellate counsel's performance was deficient because she failed to challenge allegedly erroneous jury instructions given by the trial justice. The decision not to challenge the trial justice's inclusion of the terms "acting in concert" and "conspiracy" in the instructions to the jury was reasonable. Counsel testified that she believed that the record supported the giving of the "acting in concert" instruction. In addition, the trial justice noted that Hughes himself had suggested that a conspiracy existed. The applicant has offered no reason to support his contention that the trial justice erred in so instructing the jury.

Consequently, we are of the opinion that the hearing justice did not err in determining that applicant had not met the *Strickland* burden of proof for establishing ineffective assistance of counsel in respect to either the admissibility of the photographs or the formulation of the instructions to the jury.

The applicant also contended that his appellate counsel had a conflict of interest that amounted to ineffective assistance of counsel. Private counsel was appointed for Hughes at the time of trial because a codefendant, Anthony Vellucci (Vellucci), was already represented by a public defender. The applicant essentially suggested that because there was a conflict at trial, there was a conflict on appeal.

■■ Rule 1.10 of the Rules of Professional Conduct prohibits lawyers associated in a firm from representing a client when any one of them practicing alone would be prohibited from doing so. The Office of the Public Defender considers itself to be the equivalent of a law firm for conflict of interest purposes. Therefore, the Office of the Public Defender may undertake multiple representation of clients in circumstances in which the representation of one client may be materially limited by the representation of another, only if the client consents after consultation. *See* Rule 1.7(b) of the Rules of Professional Conduct. Conversely, if there is no material limitation or actual conflict, then no disclosure or waiver is required.

■■ After careful review of the record, we have determined that at no point did applicant disclose that there was any material limitation or actual conflict at the time of his appeal. By the time the applicant's case

proceeded through the appellate stages, any actual or potential conflict had evaporated inasmuch as (1) Vellucci's case had been dismissed, (2) the applicant had repudiated his statement implicating Vellucci, and (3) no new testimony would be taken at the appellate level. In the absence of any actual or potential conflict, the Office of the Public Defender was free to represent Hughes on appeal.

We conclude, therefore, that in hearing Hughes's application for relief, the justice neither made findings that were clearly erroneous, nor overlooked or misconceived material evidence. *Brown*, 534 A.2d at 183. Furthermore, our study of the record of this case has led us to conclude that the applicant was effectively represented by the Office of the Public Defender and that such representation was free from any conflict with the applicant's interests.

Consequently the applicant's appeal is denied and dismissed, and the judgment appealed from is affirmed.

MURRAY, J., did not participate.