STATE

v.

**Barry BEAUCHAMP.**

No. 94–26–C.A.

Supreme Court of Rhode Island.

March 13, 1996.

---

1. The informant did not testify at trial because police were unable to locate him.

Andrea J. Mendes, Aaron L. Weisman, Providence, for Plaintiff.

Charles B. Allott, Providence, for Defendant.

## OPINION

**PER CURIAM.**

This matter came before the Supreme Court on January 22, 1996, pursuant to an order directing the defendant, Barry Beauchamp, to appear and show cause why the issues raised in this appeal should not be summarily decided. The defendant appeals from a judgment of conviction of one count of first-degree robbery and one count of conspiracy to commit robbery. He received concurrent sentences of ten years on the conspiracy count, and thirty years, twenty to serve, on the robbery count. After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

On July 21, 1992, police responded to a call of a probable fight in the Lonsdale Mill Yard and found the victim, Gazi Caper, "covered from head to foot with blood." The victim informed police that he had just been beaten and robbed. Moments earlier Roy Peeper (Peeper), owner of the recycling mill, investigated the noise and came upon William Carl-son (Carlson), a recently hired employee, holding a bloody wooden board.[1] When Peeper asked Carlson what he was doing, Carlson replied, "I just beat the heck out of a guy."

The victim testified that he had met Carlson through an intermediary and had agreed to purchase sneakers from him. However, the victim decided not to consummate the exchange and failed to meet Carlson as originally planned. Subsequently Carlson arrived at the victim's place of employment angry at his refusal to complete the sale. An hour later defendant contacted the victim and persuaded him to purchase sneakers from him. Believing he was meeting with defendant's supplier, the victim followed defendant to the second floor of the mill complex where he was severely beaten. The victim testified that following the assault his wallet, approximately $400 in cash, a check made out to his wife, the title to his car, and his personal computer were missing.

Marissa Troiano (Troiano), Carlson's former girlfriend, testified that on July 21, 1992, she overheard defendant and Carlson agree to rob the victim and to split the proceeds. Troiano testified that she saw defendant with a brown leather pouch containing car-registration papers and a small calculator. She also testified that Carlson possessed a wallet containing the victim's credit cards and a check made out to the victim's wife. Subsequently Troiano turned the check over to the police. Troiano admitted that she originally lied to the grand jury because Carlson's mother, her landlady and the grandmother of her child, had pressured her to do so. However, she also testified that she returned before the grand jury the same day to tell the truth. The defendant argues that the trial justice erred in denying his motions for judgment of acquittal and a new trial based on Troiano's lack of credibility.

■ In deciding a motion for a judgment of acquittal the trial justice, like this court, "must view the evidence in the light most favorable to the state, without weighing

---

the evidence or assessing the credibility of the witnesses, and draw all reasonable inferences that are consistent with guilt. * * * If the evidence viewed in such a light is sufficient to warrant a jury verdict of guilty beyond a reasonable doubt, the motion [should be] denied." *State v. Clark,* 603 A.2d 1094, 1097–98 (R.I.1992). In this case, defendant led the victim to the place where he was beaten and robbed. Earlier that same day a witness overheard defendant plan the robbery. Subsequently defendant was seen with the victim's possessions. In our opinion the evidence is sufficient to warrant a jury verdict of guilty beyond a reasonable doubt of conspiracy to commit robbery and robbery. Accordingly the trial justice properly denied defendant's motion for judgment of acquittal.

■ However, in ruling on a motion for a new trial, the trial justice acts as a thirteenth juror and exercises independent judgment on the credibility of the witnesses and on the weight of the evidence. *State v. Banach,* 648 A.2d 1363, 1367 (R.I.1994). The trial justice's determination will not be disturbed on appeal unless it can be shown that he or she misconceived or overlooked material evidence or was otherwise clearly wrong. *Id.*

■ In denying defendant's motion for a new trial, the trial justice specifically reviewed Troiano's testimony and stated, "I'm satisfied that in all respects before the Court and before the jury she was credible. She explained her inconsistent, earlier statement to the grand jury. The explanation was a sufficient and very credible one." The task of determining the credibility of the witnesses is quintessentially an issue for the trial justice when he or she acts as a thirteenth juror in passing on a motion for a new trial. *Banach,* 648 A.2d at 1368. It is our opinion that defendant has failed to show that the trial justice was clearly wrong in evaluating Troiano's testimony.

■ Similarly, the trial justice's refusal to instruct the jury specifically to consider Troiano's perjury before the grand jury in determining her credibility did not constitute reversible error. The instructions to the jury in this case provided a comprehensive general instruction on credibility. No more was required. *See State v. Jette,* 569 A.2d 438, 442–43 (R.I.1990). Jury instructions to the effect that a witness found to be false in one respect may be considered to be false in all respects should be avoided. *State v. Leavitt,* 103 R.I. 273, 286, 237 A.2d 309, 317 (1968). Furthermore, by failing to object to the trial justice's charge, defendant has waived this issue on appeal. *State v. Cianci,* 430 A.2d 756, 765 (R.I.1981).

■ The defendant also contends that the trial justice erred by excluding the testimony of Sean McElroy (McElroy), a defense witness who was expected to testify that he had overheard Carlson boast about his assault on the victim, but did not hear him mention defendant's involvement. The trial justice properly ruled that the proffered testimony was inadmissible hearsay. On appeal defendant contends that McElroy's testimony is offered for a nonhearsay purpose. However, at trial defense counsel conceded that the statements were hearsay, and therefore, he has not properly preserved this issue for appeal.

■ The defendant's final argument on appeal is that the admission into evidence of a photograph of the victim grimacing in pain was prejudicial error. Photographs that are faithful representations of the victim at the time in issue are admissible in the court's discretion. *State v. Rivera,* 640 A.2d 524, 526 (R.I.1994). The test is whether the photograph is "of such a nature as to inflame the jurors and therefore prejudice them beyond the ordinary prejudice that is always sustained by the introduction of relevant evidence intended to prove guilt." *State v. Fenner,* 503 A.2d 518, 526 (R.I.1986). The prosecution introduced the photograph to prove that the victim was injured during the robbery, a requirement under the first-degree robbery statute. General Laws 1956 § 11–39–1, as amended by P.L.1991, ch. 201, § 1. The trial justice admitted the photograph for this purpose. We find it unlikely, in the face of the extensive injuries sustained by the

victim, that his facial expression would have evoked the jurors' passions and resulted in undue prejudice to the defendant.

For the reasons stated the defendant's appeal is denied and dismissed. The judgment of conviction is affirmed, and the papers of the case are remanded to the Superior Court.

