Gerald BROWN

v.

STATE of Rhode Island.

No. 95–664–Appeal.

Supreme Court of Rhode Island.

Oct. 23, 1997.

Mark L. Smith, N. Smithfield.

Annie Goldberg, Aaron L. Weisman, Providence.

**ORDER**

This case came before the court for oral argument October 14, 1997, pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the oral arguments and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The petitioner, Gerald Brown, has appealed from the denial of his application for post-conviction relief. In support of his petition, he asserted the claim in the Superior Court that he had received ineffective assistance of counsel at his trial in 1991 after which he was convicted of first and second degree sexual assaults and child molestation committed against his daughter and his step-daughter. His appeal from said conviction was denied in *State v. Brown,* 626 A.2d 228 (R.I.1993). His application for post-conviction relief was heard in the Superior Court on February 15–16, 1995. Thereafter, the hearing justice (who had also been the trial justice) denied the petition on the ground that the defendant had failed to show that he was deprived of the effective assistance of counsel pursuant to the standards set out in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). After hearing testimony from the petitioner, the petitioner's wife, and his former attorney, and also reviewing his notes from the principal trial, the hearing justice found that trial counsel had rendered effective assistance even though he was not successful in achieving an acquittal on behalf of the defendant.

The standard of review in such a case is that the decision of the hearing justice will not be disturbed unless he or she was clearly wrong or overlooked or misconceived material evidence. *State v. Brennan,* 627 A.2d 842, 845 (R.I.1993). In the case at bar we are of the opinion that the hearing justice was neither clearly wrong nor did he overlook or misconceive material evidence.

Consequently, the petitioner's appeal is denied and dismissed. The decision of the hearing justice is affirmed.