Barry E. DOWELL

v.

John MORAN.

No. 95–383–A.

Supreme Court of Rhode Island.

Oct. 24, 1997.

Barry Dowell.

Aaron L. Weisman, Lauren Sandler Zurier, Providence.

**ORDER**

The petitioner, Barry Dowell (Dowell), appeals pro se from a Superior Court decision denying his application for post-conviction relief. We ordered the parties to show cause why we should not dispose of the appeal summarily. After reviewing the parties' memoranda and hearing their arguments, we conclude that we can decide the appeal at this time without further briefing and argument.

In 1984 Dowell was convicted of first-degree sexual assault and burglary. He was sentenced to a term of 40 years, with 25 years to serve and the remainder suspended.

This court affirmed his conviction in *State v. Dowell,* 512 A.2d 121 (R.I.1986).

Dowell then sought post-conviction relief relative to his prison classification. That application was subsequently denied and this court affirmed the denial in *State v. Dowell,* 623 A.2d 37 (R.I.1993). Thereafter, Dowell again sought post-conviction relief, this time alleging numerous grounds for relief. A Superior Court justice heard and denied this subsequent petition in 1995. Dowell filed a timely notice of appeal.

On appeal, Dowell asserts three grounds of alleged error to justify his request that we grant his application for post-conviction relief: (1) prosecutorial misconduct, (2) false testimony by two key witnesses, and (3) ineffective assistance of counsel.

With regard to the claim of prosecutorial misconduct, Dowell suggests that the prosecution anticipated key testimony but did not provide this testimony to his counsel during pretrial discovery. This alleged error centers on testimony by the victim's fiancé that the victim had placed a lock on her door after Dowell raped her. Dowell alleges that the prosecution deliberately withheld the witness's testimony about the locked door.

However, at the post-conviction application hearing Dowell failed to adduce evidence of any such deliberate withholding of discoverable evidence by the prosecution and the hearing justice properly so concluded. The hearing justice also determined that any omission of this fact from the prosecution's discovery materials was immaterial. We agree.

Next, Dowell asserts that both the victim and her fiancé gave false testimony during his criminal trial relative to their previous disclosures to the police about the assault. He also alleges that the victim gave false testimony by testifying that she had no need for money. (Dowell claimed that he and the victim had engaged in consensual sex for money). The hearing justice concluded that the evidence established that any inconsistencies in either the victim's testimony or her fiancé's testimony were effectively brought out on cross examination by Dowell's counsel. While inconsistencies may have existed in

various witnesses' testimony, the mere presence of inconsistencies in the testimony of witnesses does not constitute the presentation of false testimony. We conclude that this issue is also without merit and that the hearing justice did not err in denying the application on this basis.

Finally, Dowell argues ineffective assistance of trial counsel. This argument is threefold. First, he claims that his counsel was ineffective because he introduced Dowell's prior criminal record during his own direct examination of Dowell. Second, he contends that his attorney failed to investigate evidence and failed to comply with an agreement to impeach the state's witnesses. Third, he contends that his counsel failed to seek supplemental discovery or to seek a continuance relative to the surprise testimony about the lock.

When a claim of ineffective assistance of counsel is alleged, it must be determined whether " 'counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.' " *Tarvis v. Moran*, 551 A.2d 699, 700 (R.I.1988) (quoting *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692–93 (1984)). In order to prevail on this claim, Dowell must establish that the lawyer's errors were so serious as to violate his constitutional right to counsel and that his lawyer's performance was so deficient as to prejudice his defense. *See id.* at 700–01.

The hearing justice extensively reviewed the evidence relative to this claim of error by Dowell. With regard to the claim that his counsel improperly introduced his prior criminal record during his direct examination of Dowell, the hearing justice concluded that this action did not show ineffective assistance of counsel. The court found that this was not only a proper trial tactic, but a good defense strategy as well, although it did not prove to be particularly effective in this case. The hearing justice stated:

"Mr. Hardiman (defense counsel) indicated that it was a defense attempt to diffuse the impact of the defendant's prior conviction; the prior conviction being disorderly conduct, in that it was indecent exposure, which was, I believe, a displaying of his genitals. Mr. Hardiman sought to introduce the generic description of disorderly conduct as opposed to having the State use the term indecent exposure. This was, indeed, a very good defense strategy. It didn't work.

"The trial court ruled against Mr. Hardiman, overruled an objection and permitted the State to impeach the defendant with the exact definition for the offense for which he stood convicted.

"This was a significant issue, and, a major issue on appeal, and it was decided by the Rhode Island Supreme Court. The defendant lost on that issue. This does not give rise to ineffective assistance of counsel. It's a trial strategy and it's a tactic that has its risks, and the Court finds that the defendant was aware of those risks. It was a very good trial strategy on the part of very experienced defense attorneys. It didn't work. The defendant lost on that issue, and the Court finds that it does not give rise to any ineffective assistance of counsel at all."

As to Dowell's claims that his defense counsel failed to impeach the testimony of key witnesses, the hearing justice concluded that Dowell's counsel vigorously and effectively cross-examined the witnesses. Finally, with respect to Dowell's claim that his counsel was ineffective in his representation because he did not conduct a pretrial investigation or seek a continuance concerning disclosure of the fact that the victim had placed a new lock on her door, the hearing justice concluded that these claims of error were "completely void of merit." We are not persuaded that the hearing justice erred in any of these rulings.

Based on the standard set forth in *Tarvis*, we hold that Dowell has failed to meet the necessary burden of showing that his trial counsel's conduct was so deficient as to prejudice the outcome of the trial. It is well settled that this court will not overturn the hearing justice's findings in a post-conviction relief application unless he or she overlooked or misconceived material evidence or was otherwise clearly wrong. *See State v. Brennan*, 627 A.2d 842, 845 (R.I.1993); *Brown v.*

*Moran,* 534 A.2d 180, 183 (R.I.1987). The hearing justice thoroughly examined the record with respect to the trial counsel's conduct. We conclude that she neither overlooked nor misconceived material evidence nor was she otherwise clearly wrong.

For the reasons stated above, Dowell's appeal is denied and dismissed.

GOLDBERG, J., did not participate.