**STATE**

v.

**Ward G. McKENNA.**

**No. 96–544–C.A.**

Supreme Court of Rhode Island.

April 2, 1998.

---

Jane M. McSoley, Aaron L. Weisman, Providence, for Plaintiff.

Keven A. McKenna, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on March 2, 1998, pursuant to an order directing both parties to appear and show cause why the issues presented by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown; therefore, the issues will be decided at this time.

The defendant in this case, Ward G. McKenna, has appealed from a judgment of conviction of operating a vehicle while under the influence of alcohol in violation of G.L. 1956 § 31-27-2, following a jury trial in Washington County Superior Court.

In the early evening of February 22, 1995, defendant was driving his car in the town of North Kingstown. As he approached a line of vehicles, defendant failed to control his vehicle and crashed into the rear of an oil company's van. Patrolman Kevin Darcy (Darcy) responded to a call giving notice of the accident. When Darcy arrived at the scene, he approached defendant, who was seated in his vehicle. Once defendant exited the vehicle, Darcy observed that defendant smelled of alcohol, exhibited slurred speech, had red and glassy eyes, and was having difficulty maintaining his balance.

Following these observations, Darcy administered a series of field-sobriety tests, placed defendant under arrest for driving under the influence, and transported him to the North Kingstown police station. There, two separate breathalyzer tests were performed. The first test measured defendant's blood-alcohol concentration (BAC) at 0.105 percent, and the second test produced a BAC reading of 0.093 percent.

Prior to trial, defendant moved to dismiss the charge, claiming that the second breatha-

lyzer reading of 0.093 percent precluded a guilty verdict on a charge of driving under the influence. The motion was denied by the trial justice.

On May 1, 1996, following a jury trial, defendant was found guilty of driving under the influence in violation of § 31–27–2. The defendant's subsequent motion for a new trial was denied, and a judgment of conviction was entered on June 24, 1996. The defendant has appealed that judgment.

The defendant's first claim was that the trial justice erred in denying his motion to dismiss, arguing that a breathalyzer result of 0.093 percent precluded a guilty verdict because the standard for establishing intoxication is a breathalyzer reading of 0.10 percent. We reject this argument because it conflicts with this Court's holdings in *State v. DiCicco*, 707 A.2d 251 (R.I. 1998), and *State v. Lusi*, 625 A.2d 1350 (R.I.1993), and the plain language of § 31–27–2.[1]

■ In *Lusi* this Court concluded that the trier of fact may draw an inference from the results of a breathalyzer test that a defendant's BAC at the time of the test was the same as at the time of the driving. 625 A.2d at 1355. In *DiCicco*, we stated that

"if a test results in a BAC of less than 0.10 percent, a conviction under §§ 31–27–2 or 31–27–2.2 shall be sustained if the totality of other competent evidence establishes beyond a reasonable doubt that a person was under the influence of 'intoxicating liquor, drugs, toluene, or any controlled substance as defined in chapter 28 of title 21, to a degree which rendered such person incapable of safely operating a vehicle.'" *DiCicco*, 707 A.2d at 256–57.

Here the jury found that the totality of the admissible evidence established beyond a

reasonable doubt that defendant was under the influence of alcohol to a degree that rendered him incapable of safely operating a vehicle. Therefore, the denial of defendant's motion to dismiss was correct.

■ The defendant's second claim was that the trial justice erred in denying his motion for a new trial. In ruling on a motion for a new trial, "the trial justice acts as a thirteenth juror and exercises independent judgment on the credibility of witnesses and on the weight of the evidence." *State v. Snow*, 670 A.2d 239, 243 (R.I.1996) (quoting *State v. Banach*, 648 A.2d 1363, 1367 (R.I. 1994)). "If, after an independent review of the evidence, the trial justice makes the same determination as the jury, he or she should deny the motion for a new trial." *Snow*, 670 A.2d at 244. "Whenever the trial justice has followed the requisite procedure and articulated a sufficient rationale for denying a motion for a new trial, the decision will not be disturbed unless the trial justice has 'overlooked or misconceived material evidence relating to a critical issue or was otherwise clearly wrong.'" *Id.* (quoting *State v. Caruolo*, 524 A.2d 575, 585 (R.I.1987)).

The trial justice found this case to hinge on the credibility of the witnesses and the expert testimony that was presented at trial. After weighing the evidence and carefully considering the possible inferences therefrom, the trial justice concluded that the jury's verdict was supported by the evidence. The trial justice completed the requisite inquiry and neither overlooked nor misconceived material evidence. Therefore, we affirm the denial of defendant's motion for a new trial.

■ The defendant's third claim of error was that the jury failed to consider the mar-

1. General Laws 1956 § 31–27–2, entitled "Driving under influence of liquor or drugs," states in pertinent part,

"(a) Whoever operates or otherwise drives any vehicle in the state while under the influence of any intoxicating liquor, drugs, toluene, or any controlled substance as defined in chapter 28 of title 21, or any combination thereof, shall be guilty of a misdemeanor * * *.

"(b)(1) Any person charged under subsection (a) of this section whose blood alcohol concentration is one-tenth of one percent (.1%) or more by

weight as shown by a chemical analysis of a blood, breath, or urine sample shall be guilty of violating subsection (a) of this section. This provision shall not preclude a conviction based on other admissible evidence. Proof of guilt under this section may also be based on evidence that the person charged was under the influence of intoxicating liquor, drugs, toluene, or any controlled substance * * * to a degree which rendered such person incapable of safely operating a vehicle."

gin of error of the breathalyzer machine properly. If the jury had applied the margin of error to the test results obtained in this case, both breathalyzer readings would be below 0.10 percent and, defendant argued, no conviction would be possible. We reject this contention because it is premised upon the assumption that a defendant whose BAC is below 0.10 percent cannot be found guilty of driving while under the influence. As we noted *ante, DiCicco* held that a BAC above 0.10 percent is *not* an essential element of the offense with which defendant was charged, and a BAC below 0.10 percent does not shield any defendant from a conviction of violating § 31–27–2.

The defendant's final claim of error was that he did not receive a fair trial because the prosecutor delayed the presentation of his closing argument for three days. This claim is not properly before us, however, because no objection was made by defense counsel at the time of the trial justice's ruling that permitted the delay. Under the raise-or-waive rule, we shall not consider an issue raised for the first time on appeal. *State v. Rivera,* 640 A.2d 524, 526–27 (R.I.1994).

For the foregoing reasons the defendant's appeal is denied and dismissed. The judgment of conviction appealed from is affirmed, and the papers in this case are remanded to the Superior Court.

BOURCIER, J., did not participate.