STATE

v.

Thomas CASTELLUCCI.

No. 99–386–C.A.

Supreme Court of Rhode Island.

April 18, 2001.

Aaron L. Weisman, Providence.

Gregory J. Acciardo.

## ORDER

The defendant, Thomas Castellucci, has appealed from convictions on one count of first degree child molestation and two counts of second degree child molestation. He was sentenced to twenty years of imprisonment with six years to serve, fourteen years suspended sentence on count one, and a ten-year suspended sentence on counts two and three and was prohibited from having contact with the victim, his family, and any child under eighteen years of age. This case came before the Supreme Court for oral argument on April 5, 2001, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After reviewing the memoranda submitted by the parties and after considering the arguments of counsel, we are of the opinion that because cause has not been shown, the appeal will be decided at this time.

During the summer of 1996, defendant, then sixty-nine years old, met a twelve-year-old boy, whom we shall refer to as Thomas, at a Pawtucket Red Sox baseball game. The two met at several other games that summer, and defendant began a relationship with Thomas that included taking the boy for several Saturday trips fishing or playing catch. According to Thomas's testimony, at some point defen-

dant began touching him inappropriately under his clothing and took him to a soccer field in Coventry, Rhode Island, where he placed his mouth over the child's penis. Thomas further testified that after he received his report card in the fall of 1996, his mother no longer permitted him to see defendant because Thomas was not doing his homework. Thomas eventually told his mother about the incidents, and defendant was indicted on one count of first degree and two counts of second degree child molestation, in violation of G.L.1956 §§ 11–37–8.1 and 11–37–8.3. After a jury-waived trial in December 1998, a Superior Court justice found him guilty on the three counts of the indictment.

The defendant contended on appeal that "the Trial Justice improperly applied the Rhode Island Rape Shield Statute" and "prohibited the Defendant from cross examining the victim." During the cross examination of Thomas, defense counsel attempted to question him about an alleged sexual incident between Thomas and one of his cousins. The state objected, based on lack of proper notice pursuant to G.L.1956 § 11–37–13, and the trial justice decided to "preclude [defense counsel] from going any further concerning this line of inquiry." The defendant, however, was permitted to question Thomas about whether he had other conversations with defendant about sexual activities. Section 11–37–13, which is identical to Rule 412 of the Rhode Island Rules of Evidence, provides in pertinent part:

"If a defendant who is charged with the crime of sexual assault intends to introduce proof that the complaining witness has engaged in sexual activities with other persons, he or she shall give notice of that intention to the court and the attorney for the state. The notice shall be given *prior to the introduction of any*

*evidence of such fact;* * * * Upon receiving such notice, the court shall order the defendant to make a specific offer of the proof that he or she intends to introduce in support of this issue." (Emphasis added.)

It is undisputed that defendant gave no advance notice to the court or to the state before beginning to cross-examine Thomas on the issue of alleged prior sexual conduct. The trial justice acted completely in accord with the statutory provisions by prohibiting this line of inquiry. Moreover, defendant had already been permitted to ask Thomas about a conversation regarding alleged sexual activity with a cousin, and Thomas had responded that he did not remember such an occasion. Thus, defendant was able to pursue an appropriate line of cross-examination.

The defendant further contended that the trial justice erred by allowing into evidence testimony that established that the alleged crimes occurred within Rhode Island's jurisdiction. "It is axiomatic that 'this [C]ourt will not consider an issue raised for the first time on appeal that was not properly presented before the trial court.'" *State v. Saluter,* 715 A.2d 1250, 1258 (R.I.1998) (quoting *State v. Rivera,* 640 A.2d 524, 526–27 (R.I.1994)). The record in the present case is devoid of any evidence that defendant raised an objection when Thomas testified that the soccer field where defendant molested him was in Coventry. Furthermore, defense counsel himself asked Thomas on cross-examination where the alleged incidents had occurred, and Thomas responded that it could have been in various towns in Rhode Island but not as far as Connecticut. In any case, the state was not required to prove venue as an element of the crime.[1] Thus, the issue was waived.

1. The state filed a supplemental memoran-

dum, conceding that "it failed to prove be-

For the foregoing reasons, we deny and dismiss the defendant's appeal and affirm the judgment of the Superior Court, to which the papers in this case may be returned.

---

yond a reasonable doubt that the second touching alleged in the indictment * * * occurred within the jurisdiction of Rhode Island, [and] defendant's motion for judgment of acquittal should have been granted as to that count only." Because this issue is not properly before us, we decline to address it.