Kevin M. LYONS

v.

STATE of Rhode Island.

No. 2005–121–Appeal.

Supreme Court of Rhode Island.

Nov. 10, 2006.

Susan B. Iannitelli, for Plaintiff.

Aaron L. Weisman, Providence, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

Justice FLAHERTY, for the Court.

Kevin M. Lyons (Lyons), appeals from the judgment of the Superior Court denying his application for postconviction relief. This case came before the Supreme Court for oral argument on October 4, 2006, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown, and we proceed to decide the appeal at this time without further briefing or argument. For the reasons set forth herein, we affirm the judgment of the Superior Court.

## I

### Facts and Procedural History

Lyons was convicted on two counts of first-degree child molestation in violation of G.L.1956 § 11-37-8.1. The trial justice sentenced him to concurrent fifty-year sentences, with twenty-five years to serve and twenty-five years suspended. The conviction was upheld on appeal by this Court. *State v. Lyons*, 725 A.2d 271, 272 (R.I. 1999). Lyons then applied to the Superior Court for postconviction relief on the grounds that his attorney at trial (trial counsel) provided constitutionally ineffective assistance. To support this assertion, Lyons points to several occasions in which, he contends, his trial counsel was deficient. These include trial counsel's failure to object to testimony or to request a bill of particulars, and trial counsel's decision not to call certain witnesses or to move for a new trial. The hearing justice examined each of Lyons' grounds for relief in detail and found that "trial counsel's performance far exceeded objective reasonable-

ness." After the hearing justice denied the application, Lyons timely appealed.

## II

### Standard of Review

■■■ This Court has adopted the standard announced by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to determine when a defendant should be granted relief from a conviction because of ineffective assistance of counsel. *See Tarvis v. Moran*, 551 A.2d 699, 700 (R.I.1988); *see also Brown v. State*, 702 A.2d 1171, 1171 (R.I.1997) (mem.); *Hughes v. State*, 656 A.2d 971, 971–72 (R.I.1995). That standard employs a two-part test: (1) that the actions of counsel's performance must have been so deficient that he was not acting as "counsel" under the Sixth and Fourteenth Amendments to the United States Constitution, and (2) that the deficient performance of counsel prejudiced the defense. *Dowell v. Moran*, 702 A.2d 1173, 1174 (R.I.1997) (mem.); *McKenna v. State*, 671 A.2d 804, 805 (R.I. 1996); *Tarvis*, 551 A.2d at 700–01. The applicant must overcome a strong presumption that counsel's performance was reasonable. *Hughes*, 656 A.2d at 972. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Tarvis*, 551 A.2d at 700 (quoting *Strickland*, 466 U.S. at 686, 104 S.Ct. 2052). Furthermore, this Court will not overturn the trial justice's decision denying postconviction relief unless she "overlooked or misconceived material evidence" or the decision was clearly erroneous. *McKenna*, 671 A.2d at 806. It is against this backdrop that we analyze Lyons' appeal.

## III

### Analysis

■■■ In her decision, the hearing justice addressed each of Lyons' allegations of ineffective assistance of counsel. In each instance, she found that the actions of counsel were a part of his trial strategy and further, that even had those instances risen to the level of deficient performance, no prejudice resulted from those errors.

The centerpiece of Lyons' claim of ineffective assistance of counsel was trial counsel's failure to object to testimony from the state's expert witness identifying Lyons as the perpetrator. At trial, the witness, a nurse practitioner, was asked whether the victim indicated the nature of her complaint, and, in the course of that response, the nurse-practitioner reiterated that the victim named Lyons as the perpetrator. Trial counsel did not object or move to strike.

■■■ Lyons highlights this omission as particularly important because, on direct appeal of the conviction, we said that "it would have been improper to allow the nurse-practitioner to repeat the name of the alleged perpetrator," but that because there was no objection or motion to strike, the issue was not preserved for appeal. *Lyons*, 725 A.2d at 275. In her decision on the petition for postconviction relief, the hearing justice found that "there would not have been any influence on the outcome of the case" had trial counsel made a timely objection. Our review of the hearing justice's decision is limited to determining whether the hearing justice "overlooked or misconceived material evidence" or otherwise arrived at a clearly erroneous decision. *McKenna*, 671 A.2d at 806. Although we suggested that allowing the identification testimony would have been error in the direct appeal, *Lyons*, 725 A.2d at 275, it does not necessarily follow that a

failure to object to inadmissible testimony resulted in prejudice to defendant. The hearing justice's explanation that such objection would not have altered the outcome of the trial is sound, does not overlook evidence, nor is it clearly erroneous. Therefore, we reject this ground for Lyons' appeal.

■ Lyons also contends that trial counsel's failure to object to the portion of the expert witnesses' testimony in which she said, "In my experience, very rarely are children making up these stories," was constitutionally deficient. In the direct appeal of this case, we addressed this testimony and held that, although the lack of an objection failed to preserve the issue for appeal, had the argument been properly preserved, Lyons would not have prevailed because the testimony did not rise to the level of improper vouching. *Lyons*, 725 A.2d at 276. Thus, we already have determined that this claimed omission by trial counsel did not result in prejudice to Lyons. Consequently, the hearing justice's conclusion that an objection to this testimony would not have affected the outcome of the case was not clearly erroneous, nor did it overlook or misconceive material evidence.

■ Lyons also argues that trial counsel's failure to file a bill of particulars rendered his assistance constitutionally deficient. During her grand jury testimony, the complaining witness referred to incidents of molestation that took place in Providence and Coventry. Lyons maintained that a bill of particulars would have shown that he could not have been responsible for any events that took place in Providence and Coventry. But, in her decision, the hearing justice explained that the crimes for which Lyons was charged were committed in Warwick, and there was ample evidence supporting his conviction for those crimes. The hearing justice concluded that the mere fact that the complaining witness mentioned uncharged incidents in Providence and Coventry during her grand jury testimony did not necessitate the filing of a bill of particulars indicating the exact time and place of the charged crimes, all of which occurred in Warwick. The hearing justice also noted that the overwhelming evidence against Lyons negated any possibility that a bill of particulars could have changed the outcome. This finding also is supported by the record, and is not clearly erroneous.

■ Finally, Lyons maintained that trial counsel's failures in neglecting to move for a new trial, to call the victim's pediatrician as a witness, and to introduce reports from the Community Counseling Center were constitutionally deficient. The hearing justice rejected all three of these arguments. She found that the failure to move for a new trial was reasonable because trial counsel indicated he did not believe he could make a good-faith argument for a new trial. The hearing justice also saw little probative value in the potential testimony of the pediatrician, and found that the records from the counseling center would likely have damaged the defense— not helped it.

On the whole, the hearing justice found that trial counsel's decisions were tactical in nature. "This Court has made clear that mere tactical decisions * * * do not by themselves constitute ineffective assistance of counsel." *Toole v. State*, 748 A.2d 806, 809 (R.I.2000).

## IV

### Conclusion

After reviewing the record, we conclude that the hearing justice's findings are supported by the evidence in the record. The actions of trial counsel were part of a sound trial strategy and none of the al-

leged instances of misconduct could have resulted in prejudice to the defense. Therefore, the hearing justice was not clearly erroneous, nor did she overlook or misconceive material evidence. For the reasons stated in this opinion, we affirm the judgment of the Superior Court. The record in this case shall be remanded to the Superior Court.