Russell ALESSIO

v.

STATE of Rhode Island.

No. 2005–269–Appeal.

Supreme Court of Rhode Island.

June 14, 2007.

Mark LaRoche, Esq., Providence, for Plaintiff.

Christopher R. Bush, Esq., for Defendant.

Present: FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

Justice FLAHERTY, for the Court.

Russell Alessio (Alessio or applicant) currently is serving a sentence of twenty years, with fifteen years to serve, at the Adult Correctional Institutions (ACI), and the other five years suspended. He filed an application in the Superior Court on November 20, 2002, seeking postconviction relief, alleging both ineffective assistance of counsel and that his sentence was unconstitutionally harsh. After a hearing on July 15, 2005, a justice of the Superior Court denied the application, and judgment was entered on March 2, 2007. Alessio timely appealed.[1]

This case came before this Court for oral argument on May 15, 2007, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown, and we proceed to decide the appeal at this time without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## I

### Facts and Procedural History

Alessio was arraigned on three counts of first-degree child molestation, one count of second-degree child molestation, one count of assault with a dangerous weapon, and one count of simple assault on February 26, 1997. At trial, after the state completed the presentation of its case, the trial justice granted Alessio's motion for judgment of acquittal on one of the first-degree child molestation counts, as well as the count for assault with a dangerous weapon. After trial, the jury acquitted Alessio on the remaining counts of first-degree child molestation but convicted him of second-degree child molestation and simple assault. The trial justice imposed a twenty-year sentence, with fifteen years to serve in the ACI, and the remaining five years suspended, for the second-degree child molestation conviction.[2] Alessio appealed these convictions, and we affirmed them in *State v. Allessio*, 762 A.2d 1190 (R.I.2000).[3]

---

1. Alessio actually filed his appeal on August 29, 2005 following the hearing justice's decision on August 17, 2005. However, no final judgment was entered until March 2, 2007. Despite the premature nature of the appeal, we consider it to be timely filed, and we will address the merits of Alessio's arguments. *See Pleasant Management, LLC v. Carrasco*, 918 A.2d 213, 216 n. 6 (R.I.2007) ("It is well settled that this Court will treat a premature filing of a notice of appeal as timely.").

2. A concurrent, one-year sentence was imposed for the simple-assault conviction.

3. It appears Alessio's name was spelled incorrectly in the report of the decision on the direct appeal of his conviction.

Alessio filed an application for postconviction relief on November 20, 2002. In it he argued two grounds for relief: ineffective assistance of counsel and cruel and unusual punishment. The linchpin of his ineffective assistance of counsel claim was that his trial attorney did not investigate or call certain witnesses that Alessio thought would provide testimony to impeach one of the state's witnesses. In particular, he maintained that trial counsel's failure to investigate or call these witnesses deprived him of the opportunity to present his theory of defense at trial— that the mother of the complaining witness had a vendetta against him. Additionally, applicant argued that his trial counsel should have introduced certain medical records that would have impeached the complaining witness. To support his contention that his sentence was cruel and unusual, Alessio pointed out both that his sentence exceeded the top-end of the range provided in the Superior Court Sentencing Benchmarks[4] and that his sentence was disproportionate to those normally imposed on individuals convicted of second-degree child molestation. A hearing was held on July 15, 2005. After hearing the testimony with regard to Alessio's allegations, the hearing justice issued a written decision in which he denied Alessio's application.

## II

## Analysis

In this appeal, Alessio presses the same two arguments advanced in the Superior Court: (1) that his trial counsel failed to investigate and call certain witnesses, thus depriving him of the opportunity to present his belief that the mother of the complaining witness had a vendetta against him and, therefore, was biased; and (2) that the sentence imposed by the trial justice was so harsh as to constitute cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and article 1, section 8, of the Rhode Island Constitution. We consider each of these arguments in turn.

### A

### Ineffective Assistance of Counsel

At the hearing, Alessio testified that his theory of defense at the criminal trial was that the mother of the complaining witness, with whom he had a romantic relationship, was seeking revenge on him because he had cheated on her. In his mind, Alessio believed that the best way to proceed was to present witnesses to impeach the mother of the complaining witness as biased against him, thereby implying that she had forced the complaining witness to concoct allegations of sexual molestation against him. Trial counsel did not dispute that he did not investigate or call the witnesses suggested by Alessio. Instead, trial counsel testified at the postconviction-relief hearing that he made a tactical decision, after hearing applicant's description of the likely testimony of these witnesses, that they would not be helpful because, in his experience, it is the credibility of the complaining witness that matters, not the credibility of a collateral witness—here the mother of the complaining witness. Additionally, Alessio argued that medical records that indicated that no sexual penetration occurred should have been introduced because that would have

---

**4.** The Superior Court Sentencing Benchmarks set suggested sentences for certain crimes. In this case, the benchmarks recommended a three- to eight-year sentence for second-degree child molestation when the defendant had no relationship to the victim, Superior Court Sentencing Benchmark 36B, and a seven- to twelve-year sentence when the defendant has a close or familial relationship to the victim. *Id.* at 36D.

impeached the complaining witness, who alleged that she had been sexually penetrated. The state responded that such evidence was only probative insofar as it related to a defense against the first-degree molestation charges, and Alessio was acquitted of those charges by the jury. Therefore, the state argued, the decision not to introduce those records could not be described as constitutionally ineffective assistance of counsel.

■■■ This Court has adopted the two-pronged test set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Larngar v. Wall*, 918 A.2d 850, 856 (R.I.2007). That test requires that the defendant prove both that trial counsel's performance was so deficient that he was not functioning as counsel, as guaranteed by the Sixth Amendment to the United States Constitution, and that defendant was prejudiced by the deficiency. *Lyons v. State*, 909 A.2d 490, 492 (R.I.2006). "[M]ere tactical decisions, though ill-advised, do not by themselves constitute ineffective assistance of counsel." *Toole v. State*, 748 A.2d 806, 809 (R.I.2000). Rather, the benchmark for judging an assertion of ineffective assistance of counsel is whether the alleged conduct was so egregious that it undermined the adversarial process to the point that the trial could not be relied upon to have produced a just result. *Tarvis v. Moran*, 551 A.2d 699, 700 (R.I.1988). Finally, on appeal, "this Court will not overturn the trial justice's decision denying postconviction relief unless [he] 'overlooked or misconceived material evidence' or the decision was clearly erroneous." *Lyons*, 909 A.2d at 492 (quoting *McKenna v. State*, 671 A.2d 804, 806 (R.I.1996)).

In this case, it cannot be overlooked that trial counsel was successful in obtaining acquittals on the most serious charges—

the first-degree molestation charges. He testified at the postconviction-relief hearing that he evaluated the proposed testimony of the witnesses that Alessio suggested, and made the tactical decision not to seek them out because he believed they would not be helpful. The hearing justice noted that trial counsel's decision not to present those witnesses was a tactical decision and that applicant was unable to produce the witnesses at the postconviction-relief hearing. The hearing justice also observed that the medical records that trial counsel chose not to present at trial pertained primarily to the first-degree charges, of which Alessio was acquitted, and that, in fact, trial counsel skillfully used the absence of those medical records to applicant's benefit in obtaining acquittals of the first-degree sexual-assault counts.

In our view, trial counsel more than adequately represented Alessio in his defense. *See Tarvis*, 551 A.2d at 700. He successfully argued two motions for judgment of acquittal, and obtained not-guilty verdicts on the most serious of the other charges. Furthermore, while we believe that trial counsel has an obligation to give serious consideration to the reasonable requests of a defendant with regard to presenting his defense, and although we agree that bias was not a frivolous issue in this case, we, nonetheless, perceive no fundamental error in the tactical decision not to pursue the witnesses suggested. Trial counsel listened to the theory espoused by Alessio but, drawing on his experience, he rejected it. It also cannot be overlooked that Alessio failed to present any of the witnesses who he said would have testified about bias at the postconviction-relief hearing. Thus, we would be left to speculate as to what their testimony might have been had they been called at trial.

Therefore, we hold that Alessio's claim of ineffective assistance of counsel fails to clear either hurdle of the *Strickland* test. Trial counsel did not fall short of the constitutional line in his representation of Alessio. *See Toole,* 748 A.2d at 809. Nor can applicant show any bias that resulted from the absence of the testimony of these witnesses. *See Lyons,* 909 A.2d at 492. Therefore, the trial justice did not overlook or misconceive material evidence, nor was his decision clearly erroneous. *See id.* Accordingly, we reject Alessio's claim of ineffective assistance of counsel.

### B

### Cruel and Unusual Punishment

■ Alessio also argues that the sentence imposed on him for the second-degree child-molestation conviction was so harsh that it rises to the level of cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution, and article 1, section 8, of the Rhode Island Constitution. To support this argument, applicant directs our attention to the fact that the sentence he received—twenty years, with fifteen years to serve at the ACI and the rest suspended—was both in excess of the benchmarks, and far in excess of the average sentence imposed for second-degree child molestation convictions as shown in the statistical analysis provided by his attorney during the postconviction-relief hearing.[5]

■ Our review of whether a sentence is unconstitutionally excessive is the same under both the United States and Rhode Island Constitutions. *McKinney v. State,* 843 A.2d 463, 470 (R.I.2004) ("[A] sentence is disproportionate under either the Rhode Island Constitution or the United States

Constitution if the sentence itself is unduly harsh when compared with the crime."). Thus, the appropriate analysis is whether the punishment is consistent with the crime, not whether the punishment is consistent with other punishments for the same crime.

The penalty for second-degree child molestation sexual assault is set by G.L.1956 § 11–37–8.4. That statute says: "Every person who shall commit second degree child molestation sexual assault shall be imprisoned for not less than six (6) years nor more than thirty (30) years." *Id.* The sentence that the trial justice imposed on Alessio falls within that range and does not even approach the statute's outer limit.

Alessio has not argued that the Legislature acted unconstitutionally when it established the sentencing range for this crime, but instead he focuses on the disparity between his sentence and those of others convicted of the same crime. However, because our inquiry regarding whether a punishment is unconstitutionally excessive focuses on the proportionality of the sentence to the crime—as opposed to sentences imposed on other defendants—this argument can bear no fruit. *See McKinney,* 843 A.2d at 470 (holding that a comparative analysis is necessary only after the court first finds that the sentence is unduly harsh compared to the crime).

Alessio also contends that the fact that the sentence imposed on him exceeded the benchmarks established for the crime also demonstrates that the sentence was unduly harsh. But, departure from the sentencing benchmarks may be appropriate when, as here, a defendant has an extensive criminal history. *See Hassett v. State,* 899 A.2d 430, 435–36 (R.I.2006). Further-

---

5. The applicant presented a report showing that for 113 defendants convicted of second-degree child molestation, the average total sentence was 15.8 years, with 3.8 years to serve at the ACI, and 12 years suspended.

more, we have held that a trial justice "is bound only by the statutory limits" when imposing a sentence. *State v. Morris,* 863 A.2d 1284, 1289 (R.I.2004) (quoting *State v. Gordon,* 539 A.2d 528, 530 (R.I.1988)). Thus, a trial justice's departure from the benchmark guidelines cannot, standing alone, support a claim that a sentence was unconstitutionally excessive.

In this case, the trial justice sentenced Alessio within the statutory guidelines. Although the sentence he imposed exceeded the benchmark guidelines, he did articulate a rationale for doing so, citing Alessio's criminal record. Thus, the applicant's argument that his sentence violates his constitutional right to be free from cruel and unusual punishment must fail, and we hold that the punishment imposed is constitutional.

## III

### Conclusion

For the reasons stated in this opinion, the judgment of the Superior Court is affirmed, and the papers in this case are ordered to be returned to that court.

Chief Justice WILLIAMS and Justice GOLDBERG did not participate.