609 A.2d 217 (1992)
STATE
v.
Harold TILLINGHAST.
No. 91-375-C.A.
Supreme Court of Rhode Island.
June 9, 1992.
James E. O'Neil, Atty. Gen., Jane McSoley, Sp. Asst. Atty. Gen., Jeffrey Greer, Asst. Atty. Gen., for plaintiff.
Joslyn Rebecca Hall, Providence, for defendant.

OPINION
PER CURIAM.
This matter is before the Supreme Court for oral argument on the petitioner's appeal from the denial of his application for postconviction relief. The parties had been ordered to appear and show cause why the issues raised in this appeal should not be summarily decided.
The petitioner is serving a life sentence. He was convicted of having committed the crime of murder in the first degree. The date of the crime was November 30, 1978. In January 1983 the Rhode Island State Parole Board promulgated a new standard for parole for certain crimes, pursuant to its authority under G.L. 1956 (1981 Reenactment) § 13-8-14.1, as amended by P.L. 1982, ch. 375, § 10. The new guidelines suggested that a person convicted of first-degree murder should serve fifteen years of the sentence before being considered by the board for parole. The petitioner has appeared three times before the parole board. On all three occasions the board has voted unanimously to deny parole.
After a hearing on his application for postconviction relief, the trial justice below found:
"As the primary reasons for denying parole to the petitioner, the board cited the nature of the crime committed, the length of the sentence imposed (life imprisonment) and the recently adopted parole guidelines which suggest that persons convicted of first degree murder serve 15 years before being looked upon favorably for parole. Furthermore, in November of 1988, the board indicated that the petitioner was previously charged with escape * * *."
On appeal, petitioner first asserts that the application of the new parole-board guidelines to his situation was an ex post facto violation. The trial justice, citing our *218 holding in Skawinski v. State, 538 A.2d 1006 (R.I.1988), denied petitioner's ex post facto claim. In that case we faced a factual situation very similar to the one in this case. We said in part:
"In the instant case, the parole standards at issue are merely procedural guidelines that are used in the exercise of discretion of the parole board in evaluating a prisoner's petition for parole. It is evident that the Legislature intended the parole board to exercise its broad discretion and to deviate from the guidelines when individual circumstances so warrant. Accordingly, the parole board may, in its discretion, grant parole prior to the time set by the applicable standards or deny any application on or after the time set in the applicable standards.
"Accordingly, we find that there can be no ex post facto violation since there has been no change in the parole statute between the time of petitioner's sentencing and the present time. Under the parole statute, petitioner is still eligible for parole after serving one-third of his sentence." Id. at 1010.
The petitioner also contends that the parole board has acted in a capricious and arbitrary manner. The trial justice, again referring to Skawinski, noted that we held not only that the Legislature intended the parole board to have broad discretionary powers but also that the board may deviate from prescribed guidelines when a particular case warrants.
The defendant also argued below that the parole board failed to fulfill its obligations under State v. Ouimette, 117 R.I. 361, 367 A.2d 704 (1976). In that case this court held that in order to satisfy minimum standards of due process, a denial of parole should be accompanied by a statement of reasons for the board's action that is sufficient to enable a reviewing court to determine if parole has been withheld for permissible reasons. Id. at 372, 367 A.2d at 710.
In her decision in this case, the trial justice stated:
"There is no question that the board considered the heinous nature of this particular offense when it denied petitioner's parole applications. Further, the discretion conferred on the board in § 13-8-14.1 is limited by § 13-8-14 which requires the board to evaluate the applicants prison record and to consider whether release would `depreciate the seriousness of the offense or promote disrespect for the law.' This the board has done. Therefore, merely because the board has cited to other rationale than that specifically enumerated in the statutes does not depreciate the soundness of their decisions. Indeed, the board has followed the mandates of Ouimette and the relevant statutes. The board has also supplied the petitioner and this Court with sufficient and permissible reasons to deny his applications for parole."
Finally petitioner raised the issue that he had a state-created liberty interest in parole. The trial justice agreed that petitioner does have such an interest but observed that the interest entitles him only to know in what respects he falls short of qualifying for parole. In Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1978), the United States Supreme Court held that a proper parole procedure
"affords an opportunity to be heard, and when parole is denied it [parole board] informs the inmate in what respects he falls short of qualifying for parole; this affords the process that is due under these circumstances. The Constitution does not require more." Id. at 16, 99 S. Ct. at 2108, 60 L.Ed.2d at 681.
In Brown v. Moran, 534 A.2d 180 (R.I 1987), this court held that in a hearing on an application for postconviction relief "[t]he findings of the hearing justice will stand undisturbed on review in the absence of clear error or a showing that material evidence was overlooked or misconceived." Id. at 183. After hearing counsel for the petitioner and the state in oral argument, and after examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown. The trial *219 justice has not overlooked or misconceived any material evidence and was in our opinion clearly correct in reaching her conclusions.
For these reasons the petitioner's appeal is denied and dismissed, the order denying the application for postconviction relief is affirmed, and the papers of the case are remanded to the Superior Court.