**Robert M. BERNARD**

v.

**George A VOSE, Jr., et al.**

**No. 97–360–C.A.**

Supreme Court of Rhode Island.

March 19, 1999.

Robert M. Bernard, pro se.

Michael B. Grant, Pawtucket, Aaron L. Weisman, Providence.

## ORDER

This case came before the Court for oral argument on March 2, 1999, pursuant to an order that directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and the petitioner who appeared pro se, and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

On December 5, 1983, Robert M. Bernard (Bernard or petitioner) pled nolo contendere to the crime of first-degree sexual assault. He was sentenced to thirty years in the Adult Correctional Institutions with twelve years to serve and eighteen years suspended with eighteen years probation. At the time of his plea, petitioner was incarcerated in a Florida state prison for a separate sexual assault, so his sentence was ordered to commence either on March 31, 1992 or when released from imprisonment in Florida.

The petitioner began serving his Rhode Island sentence on May 10, 1991, and became eligible for parole in May 1995. At his first two parole reviews, the parole board (board) denied petitioner parole because the board felt that petitioner required more time in the Sex Offender Treatment Program (SOTP) before he could be safely integrated into the community. The board based its decision in part on reports from Peter Loss (Loss), director of the program. Sometime in early April of 1996, petitioner removed himself from the program due to what the board characterized as "philosophical differences." On November 21, 1996, the board again denied petitioner parole, because "Mr. Bernard has refused to return to SOTP, which the board feels is necessary in order to ensure a safe return to the community." The board heard petitioner's last application for parole on November 19, 1997, finding that petitioner "will flatten his sentence, unless he becomes [re]involved" in the Sex Offender Treatment Program. As of the hearing of this appeal, petitioner has not reentered the program, and consequently has not been reconsidered for parole.

On January 22, 1997, Bernard petitioned the Superior Court for a writ of habeas corpus, alleging that the board based its decision to deny him parole on biased information provided to the board by Loss. At his habeas hearing and now on appeal, petitioner makes two interrelated claims. First, petitioner asserts the right to review his board records under the Access to Public Records Act, the Freedom of Information Act, and due process. Second, because Loss allegedly gave biased information to the board leading to denial of petitioner's parole application, petitioner seeks the expungement of this information from his record, an injunction preventing Loss from providing further information to the board, an investigation of Loss by the Attorney General's Office, and a modification of his sentence. The petition was heard by a justice of the Superior Court on April 4 and 11, 1997, who denied all Bernard's requested relief.

Following this denial, petitioner filed the instant appeal. Although we recognize that there is no appeal from a denial of a petition for habeas corpus in the Superior Court, see G.L.1956 § 10–9–22, we shall overlook this procedural shortcoming and will assume without deciding that this case is properly before us.

First, petitioner has no individualized right to review his board files. Petitioner contends that he has the right to review all material contained in his file under the Access to Public Records Act, G.L.1956 chapter 2 of title 38, the Freedom of Information Act, 5 U.S.C. §§ 551–52, and due process. The Access to Public Records Act (or act) opens public records to inspection by the general public, § 38–2–3(a),

regardless of "the purposes for which the records are sought." Section 38–2–3(h). The act, however, protects "all personal or medical information relating to an individual in any files" from public inspection, § 38–2–2(4)(i)(A)(I), because "disclosure would constitute an unwarranted invasion of personal privacy." Section 38–2–1.

Undoubtedly, board records contain personal information about inmates. For example, in the instant case, petitioner requests the right to review reports about his participation in the Sex Offender Treatment Program, reports which potentially could contain intimate details about petitioner's sex life. If board records were subject to the Access to Public Records Act, those records would be open to the scrutiny of any member of the public who wanted to review them, contravening the purpose of the act.

Likewise, the Freedom of Information Act does not compel the disclosure of these records, as that act pertains only to information held by federal agencies, *see* 5 U.S.C. §§ 551–52, and therefore does not apply to the state board. Lastly, due process only entitles the parole applicant an opportunity to be heard and to be informed in what respects the applicant falls short of qualifying for parole. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 16, 99 S.Ct. 2100, 2108, 60 L.Ed.2d 668, 681 (1978); *State v. Tillinghast*, 609 A.2d 217, 218 (R.I.1992). The board fulfilled this requirement on December 30, 1996, by forwarding to petitioner the board minutes containing the board's reasons for denying him parole. There is no additional due process right that entitled an inmate to review the contents of his or her parole board file. *See e.g., Mayes v. Trammell*, 751 F.2d 175, 179 (6th Cir.1984) (collecting cases).

Second, petitioner's allegation of Loss's bias does not support his motion for expungement of the allegedly biased information from his record. This request was denied by the trial justice on the ground that it was Loss's function "to make a recommendation, or at least provide information for the Parole Board" The trial justice went on to state that he had no right to expunge the Loss report and that it was within the discretion of the board to consider such reports as might be sent to the board. We agree with the conclusion of the trial justice. Although the most appropriate vehicle for review of the decision of the board to deny petitioner's application for parole would have been to file a complaint for post-conviction relief pursuant to G.L. § 10–9.1–1(a)(5), *see State v. Ouimette*, 117 R.I. 361, 363, 367 A.2d 704, 705–06 (1976), the trial justice, in denying the petition for habeas corpus, held in substance that the board had acted within its discretion. Thus, petitioner through his claim of illegal detention, received review, though by the wrong vehicle.

The trial justice also correctly denied petitioner's motions for injunctive relief and for an order compelling the Attorney General to investigate Loss for illegal and unethical conduct. The petitioner incorrectly assumes the right to both remedies based upon § 38–2–8(b). That statute allows a person or entity denied the right to inspect a public record to file a complaint with the Attorney General and seek injunctive relief. However, because petitioner has no right to his board records, as they are not public records within the meaning of the Access to Public Records Act, he consequently has no right to the relief for denial of access to public records contained within this statute.

Lastly, the trial justice correctly denied petitioner's motion for a modification of his sentence. Rule 35 of the Superior Court Rules of Criminal Procedure allows modification of an illegally imposed or incorrect sentence "within on hundred twenty (120) days after the sentence is imposed." In the instant case, sentencing occurred on December 5, 1983, and his current motion to modify this sentence, filed on January 22, 1997, is exceedingly untimely. Moreover, a motion to modify a sentence is

applicable only to an illegally imposed or incorrect sentence. It cannot be triggered by a subsequent denial of parole. Therefore, such a motion is wholly improper at this time. We conclude that the board acted well within its expansive discretion in denying parole to petitioner, a recidivist sexual offender, because of his refusal to continue participating in the Sex Offender Treatment Program.

As a postscript, since the oral argument, petitioner has filed a supplemental motion seeking to strike a supplemental prebriefing statement filed by the state as untimely filed. The state's supplemental statement was apparently filed at such a time as not to be available to the Court prior to oral argument. Consequently, we did not consider the supplemental prebriefing statement and hereby grant petitioner's motion to strike it as being untimely.

The petitioner has also raised post-hearing an issue concerning denial of access to the library and law books. This matter is not properly before this Court since it was not raised before the trial justice. In the event that the petitioner wants to challenge the policy of the department of corrections in regard to access to the law library, he may do so if he sees fit by filing an appropriate petition for post-conviction relief in the Superior Court.

For the reasons stated, the petition for habeas corpus is hereby denied. The trial justice's denials of the various motions for relief filed by the petitioner are hereby affirmed.