DECISION
The State of Rhode Island ("State") challenges the jurisdiction of this Court or in the alternative, avers that Applicant, Conrad Johnson, has failed to state a claim upon which relief may be granted. The State requests that this Court dismiss Applicant's petition for post-conviction relief.
 FACTS
Inmate-applicant, Conrad Johnson, is currently incarcerated at the Adult Corrections Institute. During his sentence, Johnson has accumulated good-time credits. In his petition for post-conviction relief, Johnson alleges that the Department of Corrections has wrongfully revoked some of his good-time credits in violation of his due process rights.
Johnson argues that R.I.G.L. 1956 § 10-9.1-1 (a) (5) provides a vehicle for raising objections to the determinations of the disciplinary board. Specifically, Johnson asserts that he qualifies as a person who has been convicted and sentenced for a crime and is "otherwise unlawfully held in custody or other restraint." R.I.G.L. 1956 § 10-9.1-1 (a) (5). Johnson contends that the disciplinary board that revoked some of his good-time credits is analogous to that of a parole board. Johnson maintains that since a petition for postconviction relief is the appropriate vehicle to raise objections to the proceedings of the parole board, he is entitled to object to the disciplinary board's determination in this Court.
The State argues that since prison disciplinary proceedings are not part of the criminal prosecution, an inmate is not entitled to all due process protections. Further, the granting of credits to inmates is a purely discretionary act which does not create a liberty interest. Therefore, no due process rights attach. This is consistent with the classification system where no liberty interest exists and no due process is due to the inmate.
 DISCUSSION
On a motion to dismiss for failure to state a claim upon which relief can be granted, this Court must examine the "allegations contained in the plaintiff's complaint, assume them to be true, and view them in the light most favorable to the plaintiff." Builders Specialty Company v.Goulet, 639 A.2d 59, 60 (R.I. 1994) (citations omitted). "A Rule 12 (b) (6) motion should be granted when it is clear beyond a reasonable doubt that a plaintiff would not be entitled to relief under any set of facts provable under the complaint." Id.
The issue before the Court is: while a prison inmate has no vested constitutional right to good-time deductions, see Leach v. Vose,689 A.2d 393, 398 (R.I. 1997); Barber v. Vose, 682 A.2d 908, 912 (R.I. 1996), once an inmate receives good-time credits, is he or she entitled to the panoply of rights afforded by due process when the department seeks to revoke some or all of these good-time credits?
Despite the public policy reasons supporting incarceration, prison inmates are not entirely divested of constitutional protections. Prisoners enjoy freedom of religion, the right of access to the courts, and the right to be free from racial discrimination. They also "may not be deprived of life, liberty, or property without due process of law."Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).
"General laws § 42-56-24 provides for the allowance of sentence credits to be given to prison inmates as incentive rewards for their good behavior while serving their prison sentence." Barber v. Vose,682 A.2d 908, 912 (R.I. 1996). "[G]ood time credit for good behavior while incarcerated is not a constitutional guarantee, but is instead an act of grace created by state legislation that may provide therein for the manner in which good time credits may be granted for compliance with, or revoked for violations of, prison rules and regulations. The appropriate statutory procedural process for the granting or the revocation of good time credits must, however, in all instances be strictly complied with and cannot be circumvented." Barber, 682 A.2d at 914 (internal citations omitted).
 The Administrative Procedures Act
As a preliminary matter, the Administrative Procedures Act ("APA"), R.I.G.L. 1956 § 42-35-1(h), does not apply to the department's method for calculating good time. Leach v. Vose, 689 A.2d 393,395 (R.I. 1997). The "APA specifically excludes from its mandate statements concerning only the internal management of an agency and not affecting the private rights or procedures available to the public." Leach, 689 A.2d at 396 (citing R.I.G.L. 1956 § 42-35-1(h). "The computation method through which good time and industrial time credits are awarded is clearly a matter of internal management and, thus, is not subject to the requirements of the APA." Leach, 689 A.2d at 396.
Barred from proceeding under the APA, the inmate must have a forum for the airing of his alleged grievance. While the Attorney General's Office argued that a petition for post-conviction relief does not provide such a vehicle, the Attorney General's Office has not identified what the appropriate vehicle is should this Court decline the opportunity to hear inmate's petition.
 Good-time Credit
In Leach v. Vose, 689 A.2d 393 (R.I. 1997), the issue before the Court was whether the due-process clause is implicated when the department decides to change the actual method of calculating good time credits. Our Supreme Court held that since the good time credit statute is discretionary, there is no liberty interest created by the statute.Leach, 689 A.2d at 398. Therefore, the department could decide, within its discretion, whether to award good time credits at all. Id. As a result, inmates could not claim that their due process rights were violated when the department changed the method for calculating such credits. Id.
Leach did not reach the issue of whether inmates have a liberty interest in the good time credits once an inmate has in fact received such credit. In other words, while Leach addressed due process and a departmental decision to change the manner in which good time credits are calculated, Leach did not specifically address whether inmates are entitled to due process before earned good-time credits are revoked.
The Fourteenth Amendment protects persons from the deprivation "of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. Due process analysis hinges on whether a person has a protected liberty or property interest and whether "the procedures afforded were constitutionally sufficient." DiCiantis v. Wall,795 A.2d 1121, 1126 (R.I. 2002). Only once a petitioner has established that he or she has a protected liberty interest will the Court inquire as to the protections afforded. Id. A Fourteenth Amendment liberty interest "arises only when a state places substantive limits on official discretion, which limits require that a particular `outcome be reached upon a finding that the relevant criteria have been met.'" L'Heureux v.Vose, 708 A.2d 549, 551 (R.I. 1998) (quoting Bishop v. State, 667 A.2d 275, 278 (R.I. 1995). There is no constitutionally guaranteed liberty interest in disciplinary proceedings unless the proceedings result in an atypical and significant hardship being imposed on the prisoner that would present a dramatic departure from the basic conditions of his or her incarceration. L'Heureux, 708 A.2d at 551 (citing Sandin v. Conner,515 U.S. 472, 484-86, 115 S.Ct. 2293, 2300-01 32 L.Ed.2d 418, 430-31 (1995).
The good-time credit statute does not create a liberty interest since the implementation of it is completely discretionary. Leach, 689 A.2d at 398; Barber, 682 A.2d at 912. General Laws § 42-56-24(c) provides that for every day that an inmate is shut up or disciplined for bad conduct "as determined by the assistant director. . . there shall be deducted one day from the time he or she shall have gained for good conduct." (Emphasis added). The statute vests the assistant director with the discretion to determine whether or not an inmate has engaged in bad behavior. As a result, the revocation of good-time credit does not implicate the due-process clause. Accordingly, Johnson's petition fails to state a claim upon which relief could be granted and is dismissed.
Johnson also argues that since a parole applicant may use a petition for postconviction relief as a vehicle to review the decision of the parole board, then this Court should review the disciplinary board's decision revoking his good-time credits. An inmate appearing before a parole board is entitled to some degree of due process. He or she is entitled to an opportunity to be heard and to be informed as to why he or she fails to qualify for parole. Bernard v. Vose, 730 A.2d 30, 32 (R.I. 1999); Bishop v. State, 667 A.2d 275, 279 (R.I. 1995). As a result, the parole board must explain to an inmate why the parole board denied parole to the inmate. However as explained ante, the good-time credit statute does not create a liberty interest, therefore, no due process attaches.
 CONCLUSION
The good-time credits statute does not vest Johnson with a liberty interest subject to due process considerations. For all of the foregoing reasons, the State's motion to dismiss Applicant's petition for post-conviction relief is granted.