Raymond LYNCH

v.

STATE of Rhode Island.

No. 2007–317–Appeal.

Supreme Court of Rhode Island.

Feb. 4, 2011.

Raymond Lynch, Pro Se.

Christopher R. Bush, Department of Attorney General, for Respondent.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, ROBINSON, and INDEGLIA, JJ.

## OPINION

Justice GOLDBERG, for the Court.

This case came before the Supreme Court on December 1, 2010, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. Raymond Lynch (Lynch or applicant) was convicted of five counts of sexual assault—three counts of first-degree sexual assault and two counts of second-degree sexual assault—against his sixteen-year-old developmentally disabled daughter. He was sentenced to sixty years at the Adult Correctional Institutions, thirty to serve for each count of first-degree sexual assault and ten years to serve for each count of second-degree sexual assault—all sentences to run concurrently.

Lynch appealed the judgment to this Court, and in August 2004, we affirmed his conviction. *See State v. Lynch*, 854 A.2d 1022 (R.I.2004). Lynch next filed an application for postconviction relief in the Superior Court, contending his constitutional rights were violated by: (1) ineffective assistance of counsel, (2) prosecutorial misconduct, and (3) insufficiency of the evidence. The petition was denied after a hearing on May 1, 2007. The applicant, proceeding *pro se*, now appeals from the judgment denying his application for postconviction relief. In so doing, he alleges the same constitutional violations. Because we addressed applicant's alleged insufficiency of the trial evidence on direct appeal, *res judicata* bars Lynch from raising the issue again in a postconviction-relief application. G.L.1956 § 10–9.1–8.

Turning to the remaining issues, having reviewed the memoranda submitted by the parties and the arguments of counsel, we are satisfied that cause has not been shown; thus, the appeal may be decided at this time. We affirm the judgment of the Superior Court.

## Facts and Travel

The applicant was charged with five counts of sexual assault against his developmentally disabled daughter, Mary, when

she was sixteen years old.[1] The abuse was discovered after Mary invited Michelle, a friend from school, to spend the night at her home. During the night, Michelle woke to find applicant leaning over her and rubbing her upper thigh. Michelle testified that applicant then told her, "if you need a place to sleep, you can come sleep with me." Michelle immediately left the house and walked home. When a hysterical Michelle arrived at her home, the police were called, and responded along with a rape-crisis counselor.

The next school day, Michelle spoke with the school psychologist to disclose her concern that applicant was abusing Mary. When Mary confirmed the sexual abuse, the psychologist immediately contacted the police, as well as the Department of Children, Youth, and Families. The applicant was arrested that day, and he subsequently was convicted of five counts of sexual assault.

## Standard of Review

■■ Section 10-9.1-1, the postconviction remedy, provides that one who has been convicted of a crime may seek collateral review of that conviction based on alleged violations of his or her constitutional rights. In passing on the denial of postconviction relief, this Court accords great deference to the hearing justice's findings of fact. *Rodrigues v. State*, 985 A.2d 311, 313 (R.I.2009). This Court will uphold the decision "absent clear error or a determination that the hearing justice misconceived or overlooked material evidence." *Id.* However, we review de novo any questions of law or fact pertaining to an alleged violation of an applicant's constitutional rights. *Hazard v. State*, 968 A.2d 886, 891 (R.I.2009).

**1.** The names of the victim, along with the names of all juveniles mentioned in this opin-ion, are fictitious.

## Analysis

### I

### Ineffective Assistance of Counsel

■ In his application for postconviction relief, applicant first contends that his attorney was ineffective because he declined to cross-examine Bridget McCue, M.D. (Dr. McCue), an ob-gyn resident physician at Women & Infants Hospital, about Mary's physical examination. Doctor McCue examined Mary on the same day she reported the abuse to her school psychologist. The applicant argues that Dr. McCue's examination should have revealed evidence of anal penetration and that his attorney should have established this deficiency through cross-examination. The applicant contends that in the absence of anal trauma, there is insufficient evidence to support his conviction of first-degree sexual assault for anal penetration.

■■ When passing on an allegation of ineffective assistance of counsel, this Court adheres to the two-part analytical approach articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under this analysis, the applicant first must show that "counsel's performance was deficient" in that it fell below an objective standard of reasonableness. *Id.* at 687, 688, 104 S.Ct. 2052. *See also Washington v. State*, 989 A.2d 94, 99 (R.I.2010). Second, the applicant must show that he was prejudiced by this deficient performance. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. To satisfy this part of the test, it is the applicant's burden to prove, by a "probability sufficient to undermine confidence in the outcome[,]" that "but for counsel's unprofessional errors,

the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052.

The United States Supreme Court stated in *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052, that "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." As such, this Court frequently has cautioned that "scrutiny of counsel's performance must be highly deferential." *Washington*, 989 A.2d at 99 (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052). "It is well established that tactical decisions by trial counsel, even if ill-advised, do not by themselves constitute ineffective assistance of counsel." *Vorgvongsa v. State*, 785 A.2d 542, 549 (R.I.2001). We therefore will reject a claim of ineffective assistance of counsel unless an applicant establishes that his counsel's "advice was not within the range of competence demanded of attorneys in criminal cases." *Miguel v. State*, 774 A.2d 19, 22 (R.I.2001) (quoting *State v. Dufresne*, 436 A.2d 720, 723 (R.I. 1981)).

The applicant's ineffective-assistance contention simply does not pass muster under the *Strickland* standard. During the postconviction relief hearing, the trial justice noted that the decision to refrain from cross-examining Dr. McCue did not affect the outcome of the proceeding. He found that the issue ultimately was one of credibility; and, because Mary's testimony was found credible, the contention that cross-examining Dr. McCue would have had an impact on the verdict was "pure speculation."

Regardless, even if defense counsel had established that the examination revealed no anal trauma, it does not follow that there was insufficient evidence of anal penetration to defeat the allegation, particularly in light of the victim's testimony. In passing on applicant's motion for a new trial, the trial justice noted that the victim was a credible witness and her testimony, standing alone, proved applicant's guilt beyond a reasonable doubt on each of the five counts charged.[2] Because we are of the opinion that the failure to cross-examine Dr. McCue on this point was not error, nor did it prejudice applicant's defense in any way, his allegation of ineffective assistance of counsel necessarily must fail.

## II

### Prosecutorial Misconduct and Witness Coaching

The applicant next contends that Mary rehearsed her testimony with prosecutors prior to trial, a practice that he contends amounted to perjury and prosecutorial misconduct.[3] However, preparing a witness to testify at trial is an acceptable practice that often is used by both parties. Even assuming, *arguendo*, that Mary's testimony was practiced with the state's attorneys, such a circumstance would not have amounted to prosecutorial misconduct unless she was coached to testify untruthfully. The fact that she rehearsed her testimony is, of course, fair game on cross-examination. The trial jus-

---

2. During the new-trial proceeding the trial justice stated: "This is a case where the credibility of the [victim] * * * cannot even be remotely assessed from the bare transcript of the intelligible words she uttered. One had to be here watching and listening to realize that [Mary] was telling the truth."

3. Despite assertions at various proceedings that applicant has evidence to support this allegation, none has been presented.

tice evaluated Mary's competency to testify at trial, and found that she understood the difference between the truth and a lie and that it was "very important to tell the truth." Furthermore, as noted, when passing upon applicant's motion for a new trial, the trial justice accepted as truthful all of Mary's testimony.

 To succeed on a claim of prosecutorial misconduct, the applicant must establish that the wrongdoing was "of sufficient significance to result in the denial of the defendant's right to a fair trial." *State v. Mastracchio*, 612 A.2d 698, 703 (R.I. 1992) (quoting *Greer v. Miller*, 483 U.S. 756, 765, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987)). Because there was not a scintilla of evidence presented that the witness was coached or that the state engaged in misconduct, and mindful that the trial justice found the witness's testimony credible, we reject the applicant's contention. The applicant has not met the high burden of proving either prosecutorial misconduct or perjury, and thus his allegation necessarily must fail.[4]

### Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The papers in the case may be remanded to the Superior Court.

---

4. The applicant also asserts that Mary perjured herself through the prosecutors' coaching. Because the trial justice found Mary's testimony credible, we will not address this argument.