Kevin M. LYONS

v.

STATE of Rhode Island.

No. 2011–73–Appeal.

Supreme Court of Rhode Island.

May 8, 2012.

Richard K. Corley, Esq., Providence, for Applicant.

Aaron L. Weisman, Department of Attorney General, for State.

Present: SUTTELL, C.J.,
GOLDBERG, FLAHERTY, ROBINSON,
and INDEGLIA, JJ.

## OPINION

Justice FLAHERTY, for the Court.

Kevin M. Lyons (Lyons), appeals from the judgment of the Superior Court denying his second application for postconviction relief. This case came before the Supreme Court for oral argument on April 4, 2012, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown, and we proceed to decide the appeal at this time without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

### Facts & Travel

This appeal arises from the Superior Court's denial of Kevin M. Lyons' second application for postconviction relief. In 1996, Lyons was tried and convicted on two counts of first-degree child molestation for sexually assaulting the daughter of his then girlfriend. The trial justice sentenced Lyons to concurrent terms of fifty years imprisonment on each count, with twenty-five years to serve and the remainder suspended. On appeal, we affirmed the conviction in *State v. Lyons*, 725 A.2d 271 (R.I.1999) (*Lyons I*).[1] In 2006, Lyons filed an application for postconviction relief, in which he argued that he had been prejudiced by the ineffective assistance of counsel. That application was denied by the Superior Court, a denial later affirmed by this Court. In so doing, we held that

Lyons had failed to meet the standards delineated by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Lyons v. State*, 909 A.2d 490, 493–94 (R.I.2006) (*Lyons II*).

On September 8, 2008, Lyons filed a second application for postconviction relief; this time he relied on an array of arguments including, but not limited to: (1) actual innocence, (2) the trial justice's failure to properly instruct the jury with regard to a jury note, (3) the statute of limitations, (4) the lack of clarity in applicant's sentence regarding probation, and (5) wrongful denial of parole. The Superior Court denied Lyons' second application for postconviction relief after it found that each of his claims either lacked merit or was barred by the doctrine of *res judicata*. It is from this most recent denial which applicant now appeals to this Court.

### Standard of Review

■ General Laws 1956 § 10–9.1–1 creates a postconviction remedy that provides that "one who has been convicted of a crime may seek collateral review of that conviction based on alleged violations of his or her constitutional rights." *Brown v. State*, 32 A.3d 901, 907 (R.I.2011) (quoting *Lynch v. State*, 13 A.3d 603, 605 (R.I. 2011)). It is well-settled law that "[a]pplication[s] for postconviction relief [are] civil in nature." *Ferrell v. Wall*, 889 A.2d 177, 184 (R.I.2005) (quoting *Ouimette v. Moran*, 541 A.2d 855, 856 (R.I.1988)). This remedy is available to people who, after conviction, allege "the existence of newly discovered material facts requir[ing] vacation of the conviction in the interest of justice." *Brown*, 32 A.3d at 907 (quoting *DeCiantis v. State*, 24 A.3d 557, 569 (R.I.

---

1. The specific facts forming the basis for applicant's conviction are set forth in that opinion. We will discuss only those facts that are necessary for the disposition of this appeal.

2011)). However, the burden of proof resides with the applicant, who must establish, "by a preponderance of the evidence, that such relief is warranted." *Id.* (quoting *State v. Laurence*, 18 A.3d 512, 521 (R.I.2011)). When we review a Superior Court's denial of postconviction relief, we afford great deference to the trial justice's findings of fact, but "any postconviction relief decision involving questions of fact or mixed questions of law and fact pertaining to an alleged violation of an applicant's constitutional rights" will receive *de novo* review. *Id.* at 908 (quoting *Cote v. State*, 994 A.2d 59, 63 (R.I.2010)).

## Analysis

Because four of the five issues raised by Lyons were rejected by the Superior Court on *res judicata* grounds, we will begin our analysis with a discussion of that doctrine. The doctrine of *res judicata*, with respect to postconviction relief, has been articulated by this Court as follows:

> "Section 10–9.1–8, which codifies [*sic*] the doctrine of *res judicata* within the postconviction-relief context, bars 'relitigation of the same issues between the same parties' after a final judgment has entered in a prior proceeding. * * * An applicant is likewise precluded from raising new issues in a subsequent application, where such issues were not set forth in the first postconviction-relief application, and the applicant fails to establish a reason why his or her claims could not have been presented initially." *Brown*, 32 A.3d at 910.

Therefore, as we consider this appeal, arguments that were made but rejected during Lyons' first application for postconviction relief, as well as arguments that were available to Lyons but that were not raised in that first application, will not be entertained. The applicant advances the following four arguments that the Superior Court denied on *res judicata* grounds.

### A. Actual Innocence

First, applicant contends that newly discovered evidence—namely deposition testimony given by the victim's treating pediatrician in which the doctor testified that she did not see any signs of sexual abuse—warrants a new trial under Rule 33 of the Superior Court Rules of Criminal Procedure because it points to his actual innocence. The trial court justice found that this issue had been raised by applicant and rejected in his first application for postconviction relief (*Lyons II*) and, therefore, it could not be relitigated. In that case, the applicant argued that he had received ineffective assistance of trial counsel because his attorney had failed to adduce the evidence that applicant now claims as newly discovered. *Lyons II*, 909 A.2d at 493. When we decided *Lyons II*, this Court emphasized the weakness of that evidence, agreeing with the trial court's determination that it was of "little probative value." *Id.* In *Brown*, 32 A.3d at 910, this Court generally rejected the applicant's newly discovered evidence argument because " 'all of the new evidence' that Brown referred to was available at the time of Brown's first postconviction-relief application." Our review of *Lyons II* leads us to conclude that the claimed "newly discovered evidence," like that in *Brown*, was not only available during the first application, but its legal significance was litigated at that time and, therefore, it is barred by *res judicata*. *See id.*

### B. The Jury Note

Second, applicant asserts that there was a jury note, discovered after trial, that requested that the judge provide the jury with a report from a nurse who had testified at trial and further requested that the trial justice provide a timeline of

the alleged incidents. There is no evidence on this record that would show that the trial justice ever received the note, but applicant nonetheless challenges the justice's failure to instruct the jury with respect to the note or, at the very least, to inform the parties of the existence of the note. The Superior Court rejected this argument because it was not raised during Lyons' first postconviction relief application.[2] This Court, in *Ferrell v. Wall,* 971 A.2d 615, 621 (R.I.2009), emphasized that:

> "The applicant could have and indeed should have raised this issue in his first application for postconviction relief. His failure to raise this allegation at that time results in a bar to the litigation of that issue and that claim for relief. This Court has not heard from [the] applicant, nor can it glean from the record, a valid reason why this issue was not raised in the first application for postconviction relief."

Lyons has conceded that the note was discovered by "counsel representing [him] in his first application for postconviction relief." For that reason, Lyons is precluded from advancing an argument which, quite plainly, could have been raised during his first application for postconviction relief.

### C. Statute of Limitations

Third, applicant argues that the statute of limitations applicable to first-degree molestation at the time that Lyons was alleged to have committed the offenses was three years. Because he contends that the state failed to indict him for those offenses within those three years, he argues that his prosecution was time-barred. The Superior Court rejected his argument, holding that it is well-settled law that a defense that is based on the expiration of a statute of limitations must be raised before trial and, therefore, further consideration of the argument was barred by the doctrine of *res judicata.*

Lyons' statute-of-limitations argument is nearly identical to that raised by the applicant in *Brown,* 32 A.3d at 912–13. In *Brown,* the applicant (who was also appealing from a denial of his second postconviction relief application) similarly contended that the statute of limitations had expired on his first-degree molestation prosecution. *Id.* In response to Brown's argument, this Court reiterated that it "has unequivocally held that the expiration of a statute of limitations is an affirmative defense that must be raised at or before trial or it is waived." *Id.* at 913. In rejecting the applicant's contention, we emphasized that "[i]t is undisputed that Brown failed to raise such a defense at trial, during the appeal of his convictions, or within the context of his initial postconviction-relief proceedings." *Id.* at 912.

Lyons similarly failed to raise a statute-of-limitations defense at or before trial, during the appeal of his convictions, or within the context of his initial postconviction-relief proceedings. As a result, that defense is no longer available to him.[3]

---

2. The Superior Court also recognized that (1) no nurse's report existed in evidence for the trial justice to have given the jury and (2) it would have been wholly improper for the justice to have constructed a timeline of the alleged events for the jury as this would have encroached upon their independent fact-finding duties. For these reasons, the Superior Court held that, irrespective of the *res judica-*

ta issues, applicant's argument was without merit.

3. Lyons contends that this adjudication will create a "wrong without a remedy." That is simply not the case. A prosecution outside the applicable statute of limitations does indeed have a remedy; however it requires that the defendant timely assert his or her right to that remedy. Our holding on this issue mere-

## D. Lack of Sentencing Clarity with Respect to Probation

Fourth, applicant points to an inconsistency between the trial justice's oral sentence, in which the judge omitted any imposition of probation upon release, and the justice's signed judgment of conviction, which specifies that applicant will be on probation while serving his suspended sentence.[4] When it considered Lyons' most recent application for postconviction relief, the Superior Court, as it did with the previous three arguments, rejected this issue as barred by *res judicata*.

*Res judicata* "means that a judgment on the merits in the first case not only is conclusive with regard to the issues that were actually determined but also precludes reconsideration of all other issues that *might have been raised* in the prior proceeding." *Ferrell*, 971 A.2d at 620 (quoting *Ramirez v. State*, 933 A.2d 1110, 1112 (R.I.2007)). The sentence Lyons challenges today was imposed more than fifteen years ago after he was convicted in 1996. There is no reason why this challenge could not have been raised in applicant's first application for postconviction relief. Accordingly, the Superior Court was correct to find this argument prohibited by *res judicata*.

## E. Wrongful Denial of Parole

In our opinion, applicant's sole argument not barred by *res judicata* is his contention that his due-process rights were violated by what he characterizes as the parole board's "arbitrary and capricious" decision to require him to attend a sex-offender-treatment program ("SOTP") before the board would consider granting his application for parole. The Superior Court rejected this argument holding that the decision was well within and consistent with the parole board's broad discretion in setting policies and procedures for the purpose of ensuring "a reasonable probability that the prisoner, if released, [will] live and remain at liberty without violating the law." G.L.1956 § 13–8–14(a)(3).

We take this opportunity to reiterate that "there is no 'constitutional or inherent right' to parole." *Estrada v. Walker*, 743 A.2d 1026, 1031 (R.I.1999) (quoting *Bishop v. State*, 667 A.2d 275, 278 (R.I. 1995)). "[D]ue process only entitles the parole applicant an opportunity to be heard and to be informed in what respects the applicant falls short of qualifying for parole." *Id.* (quoting *Bernard v. Vose*, 730 A.2d 30, 32 (R.I.1999) (mem.)). In *Bernard*, 730 A.2d at 33, this Court dealt with the same issue presented to us today: the

---

ly prohibits claims for wrongs without *limitless* remedies and—in that sense—it is in good company with many other remedies under our laws.

4. The Court would however briefly make note of a benign misstatement of the law made by the hearing justice when he cited *State v. O'Rourke*, 463 A.2d 1328, 1329 (R.I.1983) for the proposition that "our Supreme Court [has] held that where a suspended sentence is imposed, there must be a corresponding probationary period during which the suspended sentence could be imposed." The language to which the hearing justice in this case was referring was a statement made, not by this Court, but rather by the hearing justice in

*O'Rourke. Id.* ("At the violation hearing, the trial justice rejected [the] defendant's contention that pronouncement of a suspension did not indicate that probation was also imposed, stating: 'Well, a suspended sentence is always accompanied by a period of probation.' "). With that said, G.L.1956 § 12–19–8(a) does state, in part, that "[t]he suspension [of a sentence] shall place the defendant on probation for the time and on any terms and conditions that the court may fix." This statutory provision certainly suggests that the trial court in *O'Rourke* was indeed correct in stating that probation necessarily follows a suspended sentence; however that was not this Court's holding in *O'Rourke*.

board's denial of parole based upon a sex offender's refusal to attend SOTP classes. In *Bernard,* we stated that "the board acted well within its expansive discretion in denying parole to petitioner, a recidivist sexual offender, because of his refusal to continue participating in the [SOTP]." *Id.*

■ In our opinion, Lyons was provided with an opportunity to be heard and the board pointedly informed him of the specific reasons it was denying his application for parole. At that point his constitutional entitlements with respect to parole came to an end. Moreover, even overlooking the substantial deference with which this Court evaluates parole board decisions, the board's decision to condition a convicted sex offender's early release on completion of some form of counseling was hardly "arbitrary and capricious." The applicant's challenge to the parole board's deci-

sion is without merit and the Superior Court was correct to deny his postconviction relief application on those grounds.[5]

## Conclusion

For the foregoing reasons, we conclude that the applicant has failed to carry his burden of proving, by a preponderance of the evidence, that postconviction relief is warranted. Accordingly, this Court affirms the trial court's denial of the Lyons' application for postconviction relief and remands the record in this case to the Superior Court.

---

**5.** The minutes of the parole board hearing indicate that the board was requiring Lyons to enroll in the SOTP, and, in the absence of his participation, he would not be considered for parole for another five years. The board did indicate, however, that if Lyons decided to participate in the program, it would reconsider his application for parole.