**Supreme Court**

No. 2015-177-Appeal.

(PM 07-984)

Keith Burke                        :

v.                        :

State of Rhode Island.                        :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Keith Burke           :

v.           :

State of Rhode Island.           :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Robinson for the Court.**  The applicant, Keith Burke, appeals[1] from the denial

of his application for postconviction relief at the conclusion of a March 5, 2015 hearing in

Providence County Superior Court.  He contends on appeal that the hearing justice erred in

denying his application for postconviction relief because "on October 12, 1994, [he] negotiated,

bargained for, and reached an unambiguous agreement with the state, in which it would dismiss

the murder case [pending against him] in exchange for his guilty plea in two other felony cases

and the state breached [that] agreement."

### I

### Facts and Travel

On May 22, 1992, Mr. Burke was indicted for murder.[2]  On November 23, 1993, he was

charged by criminal information with breaking and entering (P2/93-3719A); and, on December

22, 1993, he was also charged by criminal information with larceny (P2/93-3967A).  On October

---

[1]     After Mr. Burke appealed but before oral argument in this case, the General Assembly amended G.L. 1956 § 10-9.1-9 to require a party aggrieved by a final judgment entered in a postconviction relief proceeding to seek review by filing a petition for a writ of certiorari with this Court. *See* P.L. 2015, ch. 91, § 1; P.L. 2015, ch. 92, § 1.

[2]     The murder indictment in the record is not dated, but the docket reflects the fact that it was entered on May 22, 1992.

12, 1994, while represented by counsel, Mr. Burke pled guilty to the charges of breaking and entering and of larceny; and he was sentenced to a ten-year suspended sentence and ten years probation on each charge, to be served concurrently. The murder charge was dismissed pursuant to Rule 48(a) of the Superior Court Rules of Criminal Procedure. Mr. Burke contends that his guilty pleas in the breaking and entering and larceny cases were in exchange for what he characterizes as the dismissal with prejudice of the pending murder charge.

Thereafter, on September 3, 2004, Mr. Burke was indicted, in P1/04-2715A, for the same murder that had formed the basis of the indictment that had been dismissed in 1994. On June 22, 2005, Mr. Burke, through counsel, moved to dismiss the 2004 murder indictment, making the same argument that he makes before this Court—that the murder charge was dismissed with prejudice in 1994 in exchange for his guilty pleas on the other two charges. The state denied Mr. Burke's contention that the dismissal of the 1992 indictment was a dismissal with prejudice. The Superior Court justice presiding over the motion to dismiss held a full-blown hearing, at which hearing testimony from the prosecutor who handled the 1994 pleas and his supervisor was elicited. Thereafter, the Superior Court justice, in a written decision, made findings of fact and denied Mr. Burke's motion to dismiss; the Superior Court justice found that the 1994 dismissal of the murder charge was without prejudice. Mr. Burke took no further action with respect to that finding.[3]

On February 23, 2007, while the 2004 murder indictment was still pending, Mr. Burke filed the instant application for postconviction relief, seeking leave to withdraw his guilty pleas

---

[3] It may well be that Mr. Burke is collaterally estopped by the Superior Court's ruling that the 1994 dismissal was without prejudice; but that is an issue which we need not and, therefore, do not reach in the context of this case. *See Grady v. Narragansett Electric Co.*, 962 A.2d 34, 42 n.4 (R.I. 2009) (referencing "our usual policy of not opining with respect to issues about which we need not opine").

to the breaking and entering and larceny charges. He argued that the state "violated a contractual relationship" when it re-indicted him for the murder in 2004 after he "reli[ed]" on the state's intention to dismiss the 1992 murder indictment when he pled guilty to breaking and entering and larceny; he added that, at the time he pled guilty to breaking and entering and larceny, he thereby waived his constitutional rights, "including the right to proceed to trial." On October 1, 2008, while the instant application for postconviction relief remained pending, Mr. Burke pled guilty to second-degree murder in P1/04-2715A—the 2004 murder case. As part of his plea agreement, Mr. Burke agreed to withdraw "all pending matters before the Superior and Supreme Courts." Significantly, the docket reflects the fact that Mr. Burke then filed a motion to dismiss the instant application. The docket does not reflect that an order granting the dismissal was entered.

There was no further action in this case for an extended period; then, on April 17, 2014, Mr. Burke filed a bevy of motions. Those motions included: (1) a motion to withdraw the just-mentioned motion to dismiss; (2) a motion requesting an evidentiary hearing; and (3) a motion for "enforcement and specific performance of plea agreement and request for dismissal" of the 2004 murder indictment. A hearing was held on March 5, 2015 before another justice of the Superior Court, at the conclusion of which the hearing justice denied Mr. Burke's application for postconviction relief; the hearing justice based his decision on the fact that Mr. Burke had agreed, as part of his guilty plea to second-degree murder, to withdraw all pending applications for postconviction relief, including the instant application. Mr. Burke thereafter appealed to this Court.

- 3 -

## II

## Standard of Review

When passing on a hearing justice's denial of an application for postconviction relief, "this Court accords great deference to the hearing justice's findings of fact." *Lynch v. State*, 13 A.3d 603, 605 (R.I. 2011). As such, "[t]his Court will uphold the decision absent clear error or a determination that the hearing justice misconceived or overlooked material evidence." *Id.* (internal quotation marks omitted). That being said, we will review "*de novo* any questions of law or fact pertaining to an alleged violation of an applicant's constitutional rights." *Id.*

## III

## Analysis

The procedural morass presented by this case suggests at first glance that it is uniquely difficult and complicated. However, in the opinion of this Court, the issue before us is actually capable of summary disposition. On February 23, 2007, Mr. Burke filed the instant application for postconviction relief seeking to withdraw his guilty pleas on the breaking and entering and larceny charges. He filed this application before he pled guilty to the murder charge in 2008. According to G.L. 1956 § 10-9.1-1(a), only "[a]ny person who has *been convicted of, or sentenced for, a crime * * * may institute*" an application for postconviction relief.[4] (Emphasis added.) Mr. Burke's application related only to the breaking and entering and larceny charges, and they were the only charges at issue in the instant appeal concerning which he had been convicted or sentenced at the time he filed the instant application. That application has never been amended. Consequently, the gravamen of Mr. Burke's application for postconviction relief

---

[4]     *See also* § 10-9.1-4 (requiring an applicant for postconviction relief to identify in his or her application "the proceedings in which the applicant was convicted [and] give the date of the entry of the judgment and sentence complained of").

is, by its own terms, only the breaking and entering and larceny pleas that were entered in 1994. Mr. Burke has since served his entire sentence with respect to both of those cases. The relief he seeks from this Court on appeal is the vacating of his 2008 guilty plea to second-degree murder and the dismissal of his 2004 murder indictment. However, Mr. Burke is not entitled to the relief that he seeks. It is clear beyond peradventure that the 2004 murder charge and Mr. Burke's eventual guilty plea are not before the Court in this application, and we will only rule on the application that is before us.

Moreover, and significantly, as the hearing justice in the instant case indicated, when Mr. Burke pled guilty to second-degree murder in 2008, he agreed to dismiss all pending actions, including this application for postconviction relief.

On appeal, Mr. Burke also raised a contention of ineffective assistance of counsel; he posits that his counsel for the 2004 murder case was ineffective in his representation of Mr. Burke in connection with the motion to dismiss. We note that that contention relates to the 2004 murder charge rather than the charges for breaking and entering and larceny, which form the basis of this application for postconviction relief. As such, said contention is not properly before us at this time.

Mr. Burke also contends on appeal that the hearing justice in the case before us "denied [him] the statutory right to post-conviction counsel and a meaningful opportunity to present his post-conviction claims." Specifically, he avers that the hearing justice should not have proceeded with the hearing when Mr. Burke's counsel indicated that she was not prepared to submit a brief. We perceive no merit in Mr. Burke's argument; counsel was precluded by Mr. Burke himself from submitting a brief that she had drafted. We likewise perceive no merit in the contention that Mr. Burke's counsel was unprepared for the hearing since she made a cogent

- 5 -

argument at the hearing on his behalf.  Mr. Burke was also given an opportunity to personally address the court at the hearing.

**IV**

**Conclusion**

For the reasons stated herein, we affirm the judgment of the Superior Court.  We remand the record to that tribunal.

**SUPREME COURT – CLERK'S OFFICE**

**OPINION COVER SHEET**

| | |
|---|---|
| **Title of Case** | Keith Burke v. State of Rhode Island. |
| **Case Number** | No. 2015-177-Appeal.<br>(PM 07-984) |
| **Date Opinion Filed** | December 4, 2017 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Robert D. Krause |
| **Attorney(s) on Appeal** | For Applicant:<br><br>Camille A. McKenna<br>Office of the Public Defender |
| | For State:<br><br>Lauren S. Zurier<br>Department of Attorney General |